250 So.2d 891 (1971)
Lisa HOFFMAN, Appellant,
v.
Dale CARSON, As Sheriff of Duval County and the Consolidated City of Jacksonville, and T. Edward Austin, Jr., As State Attorney for the Fourth Judicial Circuit of Florida, Appellees.
No. 40150.
Supreme Court of Florida.
July 7, 1971.
*892 Joseph M. Glickstein, Jr., Jacksonville, for appellant.
James C. Rinaman, Jr., Gen. Counsel, David U. Tumin and Thomas R. Welch, Asst. Gen. Counsel, Jacksonville, for Dale Carson; Charles P. Pillans, III, Jacksonville, for T. Edward Austin, Jr., appellees.
CARLTON, Justice.
On three successive nights in July 1970, appellant Hoffman, a "go-go" dancer by trade, was arrested for violating Fla. Stat. § 800.03, F.S.A., by going totally nude and exposing her sex organs in the course of her performances at a Jacksonville cocktail lounge. Subsequently, she filed a complaint in Circuit Court, Duval County, in which she sought to have an injunction levied against the Sheriff, the City, and the State Prosecutor so as to restrain them from unconstitutionally interfering with her artistry. The Circuit Court declared Fla. Stat. § 800.03, F.S.A., to be constitutionally valid, and entered a Final Judgment denying the requested relief. Our jurisdiction vests accordingly. Article V, § 4(2), Florida Constitution, F.S.A.
The statute provides:
"§ 800.03. Exposure of sexual organs.  It shall be unlawful for any person to expose or exhibit his sexual organs in any public place or on the private premises of another, or so near thereto as to be seen from such private premises, in a vulgar or indecent manner, or so to expose or exhibit his person in such place, or to go or be naked in such place. Provided, however, this section shall not be construed to prohibit the exposure of *893 such organs or the person in any place provided or set apart for that purpose. Any person convicted of a violation hereof shall be punished by a fine of not more than five hundred dollars or by imprisonment in the county jail for a period of not more than six months, or by both such fine and such imprisonment, in the discretion of the court."
Appellant's first point on appeal is the assertion that the Circuit Court erred in not finding the statute unconstitutional on its face. She contends that the standard "vulgar or indecent manner" is so vague as to leave the ordinary citizen in substantial doubt as to what manner of behavior is actually proscribed. We cannot agree. Because of the nature of the statute, the terms in question must be construed as necessarily relating to a lascivious exhibition of those private parts of a person which common propriety requires to be customarily kept covered in the presence of others. This construction necessarily applies also to the language, "or so to expose or exhibit his person in such place, or to go or be naked in such place."
Moreover, the proviso that, "this act shall not be construed to prohibit the exposure of such organs or the person in any place provided or set apart for that purpose," sufficiently restricts the application of the statute so as to bring it within common understanding. In discussing an ordinance referring to an "illusion of nudeness," the Supreme Court of New Jersey said the enactment had to be considered in light of the attending circumstances and the problem presented; the Court also said: "`Scholastic strictness' of definition cannot be adopted if it prevents a reasonable construction. * * * Exceptions are implied to give effect to the general legislative intent shown by the context * * *." Adams Newark Theatre Co. v. City of Newark, 22 N.J. 472, 126 A.2d 340 (1956), aff'd per curiam, 354 U.S. 931, 77 S.Ct. 1395, 1 L.Ed.2d 1533. Within the ambit of the proviso in our Florida statute, we find public restrooms, bathing and locker room facilities, and those places in which nudity or exposure is necessarily expected outside of the home and the sphere of privacy protected therein. We cannot say that a public lounge falls within this provision.
Appellant's second point is that the statute is unconstitutional in application to her since she was engaged in an artistic endeavor. She urges the theory that her actions are interpretations of accompanying music, and that this is her means of communicating her ideas of freedom to the assembled patrons of the lounge. It is asserted that this method of expression is a form of speech warranting the protection of the First Amendment, unless found to be obscene under the Roth-Memoirs test of obscenity. Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1959); A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Com. of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966). For precedential support, reliance is placed primarily upon the case of In re Giannini, 69 Cal.2d 563, 72 Cal. Rptr. 655, 446 P.2d 535 (1968), cert. denied, 395 U.S. 910, 89 S.Ct. 1743, 23 L.Ed.2d 223.
This assertion might be applicable in other circumstances, but we find that in relation to the performance as presented, it is without merit. Appellant loses sight of the distinction between speech and conduct. The statute is not directed at First Amendment rights of free expression, nor does it concern itself with obscenity as does Fla. Stat. Chapter 847, F.S.A. Rather, it is directed at the exposure of sexual organs and nudity, a matter of conduct thought to be a crime under the common law [e.g. Commonwealth v. Broadland, 315 Mass. 20, 51 N.E.2d 961 (1943); Noblett v. Commonwealth, 194 Va. 241, 72 S.E.2d 241 (1952)], and generally considered as having a reasonable relationship to the public welfare, and, therefore, within the police power of the Legislature. See State ex rel. Church v. Brown, 165 Ohio St. 31, 133 N.E.2d 333 *894 (1956), appeal dismissed, 352 U.S. 884, 77 S.Ct. 126, 1 L.Ed.2d 82.
In City of Portland v. Derrington, 253 Or. 289, 451 P.2d 111 (1969), cert. denied, 396 U.S. 901, 90 S.Ct. 212, 24 L.Ed.2d 177 it is pointed out that there is a valid distinction between conduct, which the government can regulate, and speech, which is largely immune from regulation. The Oregon Supreme Court reversed a lower court decision holding the Oregon indecent exposure statute unconstitutional, and said:
"We do not believe the interference with communication in the case at bar has enough substance to present a First Amendment question. The error in the court below was in treating the problem as one of free speech and nothing more." 451 P.2d at 114.
The Oregon Supreme Court also held, and with this we also agree:
"When nudity is employed as sales promotion in bars and restaurants, nudity is conduct. As conduct, the nudity of employees is a fit subject for governmental regulation as is the licensing of the liquor dispensaries and the fixing of their closing hours." 451 P.2d at 111.
The United States Supreme Court has frequently recognized the distinction between conduct which may be regulated by the State and expression which may not be restricted except upon proof of obscenity, Roth v. United States, supra, or a clear and present danger to a legitimate government interest, Schenck v. United States, 249 U.S. 47, 39 S.Ct. 247, 63 L.Ed. 470 (1919). This distinction is brought into focus in United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968), in which a draft card destruction conviction was upheld against the contention that the act of burning the card was protected symbolic speech guaranteed by the First Amendment to the United States Constitution as form of "communication of ideas by conduct." The Court said, 391 U.S. 367 at 376, 88 S.Ct. 1673 at 1678:
"We cannot accept the view that an apparently limitless variety of conduct can be labeled `speech' whenever the person engaging in the conduct intends thereby to express an idea. However, even on the assumption that the alleged communicative element in [the defendant's] conduct is sufficient to bring into play the First Amendment, it does not necessarily follow that the destruction of a registration certificate is constitutionally protected activity. This Court has held that when `speech' and `nonspeech' elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment Freedoms."
We find that appellant's performance falls short of presenting a "speech" issue sufficiently important to outweigh the State's interest in curtailing lascivious exposure in public places. Contributing to this conclusion is the fact that appellant admits that she usually was tipped a certain amount for removing her brassiere and was tipped an additional substantial sum for removing her pants. The trial judge found that: "Apparently the spontaneity of her `self-expression' was in direct proportion to the monetary consideration she received from the barflies rather than from her absorption in the artistry of her dance."
But our holding here is not meant to suggest that nudity or exposure in all circumstances would be violative of this statute. As a performance or an event moves more toward speech and further away from conduct, a more creditable issue would arise, and the Roth-Memoirs standards would perhaps become applicable. Cf. Schacht v. United States, 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970); Cohen v. State of California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971).
Appellant's final issue has to do with the proffer of certain exhibits as a demonstration of community standards. We agree *895 with the Circuit Court that the publications offered were not relevant to the issue of appellant's violation of the indecent exposure statute, especially since the issue here is conduct and not speech. Cf. Huffman v. United States, 259 A.2d 342 (D.C.App. 1969).
The Final Judgment appealed from, in which Fla. Stat. § 800.03, F.S.A., was adjudged constitutional, is affirmed.
It is so ordered.
ROBERTS, C.J., and ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.