STATE OF NORTH CAROLINA v. ROBERT BOYD KING

No. 7318SC704

(Filed 16 January 1974)

Obscenity— indecent exposure — "go-go" dancers — willing viewers

    The indecent exposure statute, G.S. 14-190.9, does not contemplate willing viewers but only those who are offended and annoyed by the exposure; consequently, the statute does not apply to dancers in a night club who exposed their private parts to willing viewers.

APPEAL by defendant from *Crissman, Judge,* 9 April 1973 Regular Criminal Session, Superior Court, GUILFORD County.

Defendant was charged under G.S. 14-190.9 with "unlawfully, wilfully, and (sic) aid(ing) and abet(ting) in the act of indecent exposure by knowingly, allowing and permitting Sandra Faye Hall to expose her private parts at The Rathskeller, 716 W. Market Street, Greensboro, North Carolina, a public place, and did allow this (sic) premises, which he has control

over to be used for the purpose of such an act." There were three other warrants identical in content with the exception of the name of the girl. Defendant was convicted in each instance in District Court. On appeal to Superior Court, defendant moved to quash the warrants. This motion was denied, and defendant was convicted by the jury on each count. From judgments imposing an active six months sentence on each count, to run consecutively, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Speas, for the State.*

*Comer and Dailey, by John F. Comer, for defendant appellant.*

*Benjamin F. Davis, Jr., for Civil Liberties Union Legal Foundation, Inc.,* Amicus Curiae.

CAMPBELL, Judge.

Defendant's first assignment of error raises the question of the constitutionality of G.S. 14-190.9. The charges in this case arise under that statute which is entitled "Indecent Exposure" and provides:

> "Any person who shall willfully expose the private parts of his or her person in any public place and in the presence of any other person or persons, of the opposite sex, or aids or abets in any such act, or who procures another to perform such act; or any person, who as owner, manager, lessee, director, promoter or agent, or in any other capacity knowingly hires, leases or permits the land, building, or premises of which he is owner, lessee or tenant, or over which he has control, to be used for purposes of any such act, shall be guilty of a misdemeanor punishable by a fine not to exceed five hundred dollars ($500.00), imprisonment for not more than six months, or both."

We agree with defendant that this statute is separate and apart from the general obscenity statutes, G.S. 14-190.1 through G.S. 14-190.8, all of which deal with dissemination of obscenity. See *State v. McCluney*, 280 N.C. 404, 185 S.E. 2d 870 (1971). It is clear, also, that the State chose not to proceed under the obscenity statute, G.S. 14-190.1 (2), which proscribes as illegal conduct the dissemination of obscenity by presenting or directing "an obscene play, dance or other performance or participates

State v. King

directly in that portion thereof which makes it obscene." Defendant candidly concedes that the conduct of the girls in the alleged dance was obscene, but he argues that since the indecent exposure statute is excluded from the obscenity statutes, the criminal act charged under the indecent exposure statute becomes an act not requiring the element of obscenity.

Prior to the 1971 amendment, the indecent exposure statute read as follows:

"Any person who in any place wilfully exposes his person, or private parts thereof, in the presence of one or more persons of the opposite sex whose person, or the private parts thereof, are similarly exposed, or who aids or abets in any such act, or who procures another so as to expose his person, or the private parts thereof, or take part in any immoral show, exhibition or performance where indecent, immoral or lewd dances or plays are conducted in any booth, tent, room or other public or private place to which the public is invited; or any person, who, as owner, manager, lessee, director, promoter or agent, or in any other capacity, hires, leases or permits the land, buildings, or premises of which he is owner, lessee or tenant, or over which he has control, to be used for any such immoral purposes, shall be guilty of a misdemeanor. Any person who shall willfully make any indecent public exposure of the private parts of his or her person in any public place or highway shall be guilty of a misdemeanor. Any person violating any provision of this section shall be punishable by a fine not to exceed five hundred dollars ($500.00), imprisonment for not more than six months, or both."

It is obvious that the conduct promoted by defendant in the case before us could have been subject to a criminal charge under that statute. However, in 1971, the General Assembly amended the obscenity statutes and the indecent exposure statute. In amending the indecent exposure statute the prohibition against procuring or "taking part in any immoral show, exhibition or performance where indecent, immoral, or lewd dances are conducted in any booth, tent, room or other public or private place to which the public is invited . . . " was deleted. In our opinion this proscription was placed in the obscenity statutes and is covered by G.S. 14-190.1, particularly § (2) thereof.

We are aware of *City of Portland v. Derrington*, 253 Ore. 289, 451 P. 2d 111 (1969), cert. denied 396 U.S. 901, 90 S.Ct.

212, 24 L.Ed. 2d 177 (1969), and *Hoffman v. Carson,* 250 So. 2d 891 (Fla. 1971). In *Hoffman,* the statute was entitled "Exposure of sexual organs" and provided:

> "It shall be unlawful for any person to expose or exhibit his sexual organs in any public place or on the private premises of another, or so near thereto as to be seen from such private premises, in a vulgar or indecent manner, or so to expose or exhibit his person in such place, or to go or be naked in such place. Provided, however, this section shall not be construed to prohibit the exposure of such organs or the person in any place provided or set apart for that purpose."

In that case, the appellant claimed that the standard "vulgar or indecent manner" was so vague as to leave the ordinary citizen in doubt as to what manner of behavior was actually proscribed. Appellant was arrested for going totally nude and exposing her sex organs in the course of her performance at a cocktail lounge. The Florida Court said:

> "Because of the nature of the statute, the terms in question must be construed as necessarily relating to a lascivious exhibition of those private parts of a person which common propriety requires to be customarily kept covered in the presence of others. This construction necessarily also applies to the language, 'or so to expose or exhibit his person in such place, or to go or be naked in such place.'" Id. at 893.

The Court went on to hold that the statute was "directed at the exposure of sexual organs and nudity, a matter of conduct thought to be a crime under the common law (citing cases) and generally considered as having a reasonable relationship to the public welfare, and, therefore, within the police power of the Legislature." Id. The Court was careful to point out that the holding was not meant to suggest that nudity or exposure in all instances would be violative of the statute, but that as a performance or event moved more toward speech or expression and further from conduct, the standards of *Roth v. U. S.* 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed. 2d 1498 (1957), and *Memoirs* [*A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of the Commonwealth of Massachusetts,* 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed. 2d 1 (1966)], might be applicable.

We find that at the time of the arrest in *Hoffman,* i.e., 1970, the Florida obscenity statute would not have proscribed the conduct for which appellant was arrested. However, in 1971, the Legislature added to Chapter 847 the obscenity statute, 847.011(4) as follows: "Any person who knowingly promotes, conducts, performs or participates in an obscene, lewd, lascivious, or indecent show, exhibition, or performance by live persons or a live person before an audience is guilty of a misdemeanor of the first degree. . . " Prior to this amendment the appellant could only have been charged under the indecent exposure statute.

In *City of Portland v. Derrington, supra,* the ordinance under which defendant was arrested read as follows: "It is unlawful for any female person to appear or be in a place where food or alcoholic beverage is offered for sale for consumption on the premises, so costumed or dressed that one or both breasts are wholly or substantially exposed to public view."

We do not disagree with the Court's holding that "(W)hen nudity is employed as sales promotion in bars and restaurants, nudity is conduct. As conduct, the nudity of employees is as fit a subject for governmental regulation as is the licensing of the liquor dispensaries and the fixing of their closing hours." Id. at 292-293.

Our situation, it appears to us, is unlike *Hoffman* and *Derrington.* In North Carolina we have obscenity statutes which are separate and apart from the indecent exposure statute and which clearly and expressly proscribe the conduct for which appellant was arrested. The indecent exposure statute, certainly as it now is written, is simply a codification of the common law crime of exposure of one's private parts, whether intentional or unintentional, in a situation where the exposure could be viewed by the public. The statute does not contemplate willing viewers, but those who are offended and annoyed by the exposure. See *State v. Roper,* 18 N.C. 208 (1835) ; *State v. King,* 268 N.C. 711, 151 S.E. 2d 566 (1966) ; *State v. Lowery,* 268 N.C. 162, 150 S.E. 2d 23 (1966). If our statute provided for two species of offenses: first, the appearing in public places naked or partly so, with intent of making a public show of the nudity of the offender; and, second, any obscene exhibition of the person, the result might be different. *State v. Hazle,* 20 Ark. 156 (1859).

We certainly do not say that G.S. 14-190.9 is unconstitutional. We merely say that it is not applicable to the conduct

here. If the officers be so advised, defendant could be charged under G.S. 14-190.1, which we have held not to be unconstitutional on its face. *State v. Bryant* and *State v. Floyd,* (filed 19 December 1973). We do hold that the court committed reversible error in failing to grant defendant's motion to quash the warrants in this case.

Reversed.

Judges BRITT and MORRIS concur.