404 So.2d 196 (1981)
Mercedes DUVALLON, Petitioner,
v.
STATE of Florida, Respondent.
No. ZZ-303.
District Court of Appeal of Florida, First District.
October 1, 1981.
Mercedes Duvallon, in pro. per.
Jim Smith, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for respondent.
SHAW, Judge.
The petitioner, in protesting what she considered judicial and police corruption, picketed in front of the Capitol and across the street from the Supreme Court building "dressed" in a 44.5" X 28" piece of cardboard suspended by a cord around her neck. She was arrested by two Tallahassee police officers and charged with exposure of sexual organs. Her subsequent conviction in the Leon County Court was affirmed by the Circuit Court without opinion. She now petitions this court for a writ of common law certiorari. We have jurisdiction. Article V, section 4(b)(3), Florida Constitution (1972); Rule 9.030(b)(2)(B), Fla.R.App.P.
At common law, indecent exposure was a public nuisance and punishable as a misdemeanor.[1] It was viewed as an offense against religion and morality, involving "open and grossly scandalous lewdness." Rex v. Sedley, [1663] 1 Sid. 168, is often cited by commentators as support for this view. Today, the common law crime has been supplanted by statutory offenses in almost every jurisdiction in this country. These statutes vary somewhat as to wording, but a survey of the case law indicates that many of the same elements of the common law crime have been retained.
Section 800.03, Florida Statutes (1971) represents Florida's effort at supplanting *197 the common law offense. The statute has changed very little since its inception, but the interpretation placed upon it has been subject to continual revision, due to the change in public attitude. The supreme court in State ex rel. Swanboro v. Mayo, 155 Fla. 330, 19 So.2d 883, at 884, (1944), points out that "(a)n act which might have been considered by the general public a few years ago as an indecent exposure of the person and lewd and lascivious in its character might today be not frowned upon, nor condemned by upright, honorable and virtuous people." This change of attitude is illustrated by the fact that until recent times the waltz and the two-step were considered by a great many worthy and highminded people as lewd and lascivious devices calculated to promote the works of the devil.
The gravamen of the Florida statute is to make it unlawful for any person to expose or exhibit his sexual organs in a vulgar or indecent manner in any public place or private premises of another, so as to be seen. In addition, the statute makes it an offense to go or be naked in such place. The Florida Supreme Court has recognized that the term "vulgar or indecent manner" must be construed as necessarily relating to a lascivious exhibition of those private parts of a person which common propriety requires to be customarily kept covered in the presence of others. Lascivious means that the exposure or exhibition must be "lewd" involving "an unlawful indulgence in lust, eager for sexual indulgence." Chesebrough v. State, 255 So.2d 675, at 677, 678 (Fla. 1971). This is in accord with the general rule that statutes dealing with crimes of moral turpitude generally require proof of intent as an essential element.[2] Florida signals its intent that there be intentional conduct by use of the term "in a vulgar or indecent manner."[3]
The trial court determined that the petitioner was "for all intents and purposes naked and the very act of being naked for the purpose of demonstrating or protesting in such a public location where all ages might see her is vulgar and indecent." Respondent directs our attention to the statutory phrase "or to go or be naked in such place" and urges that we affirm the conviction in light of this finding. In other words, the respondent equates the petitioner's unconventional attire with nakedness and argues that we accept the trial court's conclusion that to picket while so arrayed is, without more, vulgar or indecent. We disagree. In Hoffman v. Carson, 250 So.2d 891 at 893 (Fla. 1971), the Supreme Court, in defining "vulgar or indecent manner," makes the following observation:
Because of the nature of the statute, the terms in question must be construed as necessarily relating to a lascivious exhibition of those private parts of a person which common propriety requires to be customarily kept covered in the presence of others. This construction necessarily applies also to the language, `or so to expose or exhibit his person in such place, or to go or be naked in such place.'
We take this language to mean that in order for nudity to be prosecutable under section 800.03, Florida Statutes, there must be a lewd or lascivious exhibition or exposure of the sexual organs.
We find no evidence in the present record that the petitioner exposed or exhibited her sexual organs in such a manner. The arresting officer testified that the placard allowed exposure of her bare backside and the sides of her breasts, but he saw nothing lewd or lascivious about her conduct.
*198 The petitioner's behavior was, at a minimum, bizarre, but it falls short of being a vulgar and indecent exposure of her sexual organs. We, therefore, quash the order of conviction as a departure from the essential requirements of law.
Certiorari granted.
WENTWORTH and THOMPSON, JJ., concur.
NOTES
[1] 3 Wharton's Criminal Law § 317 (Torcia, C., 14th ed. 1980).
[2] Annot., Criminal offense predicated upon indecent exposure, 94 A.L.R.2d 1353 § 10 (1964).
[3] EXPOSURE OF SEXUAL ORGANS 
It shall be unlawful for any person to expose or exhibit his sexual organs in any public place or on the private premises of another, or so near thereto as to be seen from such private premises, in a vulgar or indecent manner, or so to expose or exhibit his person in such place, or to go or be naked in such place. Provided, however, this section shall not be construed to prohibit the exposure of such organs or the person in any place provided or set apart for that purpose. Any person convicted of a violation hereof shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.