450 So.2d 888 (1984)
Harry John GOODMAKERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 84-22.
District Court of Appeal of Florida, Second District.
May 11, 1984.
*889 Michael R.N. McDonnell of McDonnell, Buckel & Berry, Naples, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for respondent.
HOBSON, Acting Chief Judge.
Harry John Goodmakers petitions this court for a writ of certiorari regarding an appellate order of the Collier County Circuit Court which affirmed a conviction and sentence rendered by the Collier County Court for the first-degree misdemeanor of indecent exposure. We grant the petition and reverse.
The state filed an information alleging that Goodmakers violated section 800.03, Florida Statutes (1981), the indecent exposure statute. Section 800.03 reads in full:
800.03 Exposure of Sexual Organs.

 It shall be unlawful for any person to expose or exhibit his sexual organs in any public place or on the private premises of another, or so near thereto as to be seen from such private premises, in a vulgar or indecent manner, or so to expose or exhibit his person in such place, or to go or be naked in such place. Provided, however, this section shall not be construed to prohibit the exposure of such organs or the person in any place provided or set apart for that purpose. Any person convicted of a violation hereof shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
Goodmakers entered a plea of not guilty to the charge. Thereafter, his attorney *890 filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). His attorney asserted therein that the undisputed material facts upon which the motion was based were that:
1. At the time in question, defendant was lying nude on a dock located near Pelican Bay Nurseries.
2. Defendant was asleep or unconscious and was making no movement whatsoever.
3. Defendant's sexual organs were not in a state of arousal.
Goodmakers did not personally attest to the truth of these facts. Instead, his attorney swore that these facts were "true to the best of his [the attorney's] knowledge."
The state filed a sworn traverse pursuant to Rule 3.190(d). It declared therein:
1. That the facts contained in paragraph (1) of Defendant's Affidavit are admitted and would further state that the location of the offense is on private property.
2. That the facts contained in paragraph two (2) of Defendant's Affidavit are admitted and would further state the defendant was lying face up, without the benefit of clothing.
3. The facts contained in paragraph three (3) of Defendant's Affidavit are admitted.
The Collier County Court rendered an order denying Goodmakers' motion to dismiss. Goodmakers subsequently withdrew the not guilty plea, entered a plea of no contest, and reserved the right to appeal whether the facts contained in the motion to dismiss constituted a violation of section 800.03. The court then filed a final judgment and sentence.
On appeal, the Collier County Circuit Court issued a final order affirming the county court's decision without comment. It later denied Goodmakers' motion for a rehearing and for clarification.
Goodmakers now petitions this court for a writ of certiorari, contending that the circuit court departed from established principles of Florida law.
Before confronting the substantive issue raised by Goodmakers, it is necessary to address a procedural issue presented by the state. This procedural question concerns Goodmakers' failure to personally swear to the truth of the facts contained in his motion to dismiss.
Rule 3.190(c)(4) provides that a defendant's motion to dismiss should be sworn to. Case law says that this means that the motion should be verified by one with firsthand knowledge of the facts alleged. See State v. Kling, 335 So.2d 614, 615, n. 1 (Fla. 2d DCA 1976); State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981). Here, the individual with personal knowledge was Goodmakers, not his attorney. Thus, notwithstanding the declaration by Goodmakers' attorney that the facts asserted in the motion were true to the best of the attorney's knowledge, the motion was subject to a summary denial. See State v. Bethea, 409 So.2d 1139 (Fla. 2d DCA 1982); Kling; Upton; State v. Holder, 400 So.2d 162 (Fla. 3d DCA 1981). However, the state failed to submit a motion to strike on this basis. Compare Bethea; Holder. In sum, it waived the objection. See State v. Mayle, 406 So.2d 108, n. 3 (Fla. 5th DCA 1981); State v. Kemp, 305 So.2d 833 (Fla. 3d DCA 1974). As such, we refuse to deny Goodmakers' petition on this procedural ground.
With respect to the substantive issue, Goodmakers argues that the circuit court rendered a decision in "direct conflict" with the respective holdings of the Supreme Court of Florida and the First District Court of Appeal in Hoffman v. Carson, 250 So.2d 891 (Fla.), appeal dismissed 404 U.S. 981, 92 S.Ct. 453, 30 L.Ed.2d 365 (1971), and Duvallon v. State, 404 So.2d 196 (Fla. 1st DCA 1981). He maintains that he has therefore been found guilty of conduct which is not proscribed by Florida law.
In Hoffman, the Florida Supreme Court made the following observation regarding section 800.03:
Because of the nature of the statute, the terms in question must be construed *891 as necessarily relating to a lascivious exhibition of those private parts of a person which common propriety requires to be customarily kept covered in the presence of others. This construction necessarily applies also to the language, "or so to expose or exhibit his person in such place, or to go or be naked in such place."
250 So.2d at 893. (Emphasis added.) The First District Court of Appeal, relying upon Hoffman, held in Duvallon that "in order for nudity to be prosecutable under section 800.03, Florida Statutes, there must be a lewd or lascivious exhibition or exposure of the sexual organs." 404 So.2d at 197. (Emphasis added.)
Frankly, we disagree with our state supreme court's interpretation of section 800.03 in Hoffman. In our view, the legislature clearly intended by the phrase "or to go or be naked in such place" to deem the mere act of "go[ing] or be[ing] naked in such place" a first-degree misdemeanor. Such a law would be within the ambit of the legislature's police power. In any event, we are constrained to follow the supreme court's construction of section 800.03. See State v. Dwyer, 332 So.2d 333, 335 (Fla. 1976). Hence, in order for there to be a violation of section 800.03, there must be, coupled with mere nudity, "lascivious" exposition or exhibition of the defendant's sexual organs.
The terms "lascivious" and "lewd" mean that the perpetrator's exposition or exhibition involves "an unlawful indulgence in lust, eager for sexual indulgence." Chesebrough v. State, 255 So.2d 675, 677 (Fla. 1971). Or, as defined by the supreme court in Boles v. State, 158 Fla. 220, 27 So.2d 293, 294 (1946):
"Lewd", "lascivious", and "indecent" are synonymous and connote wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator.
In the instant case, it is undisputed that Goodmakers was nude in a place not set apart for that purpose. However, it is likewise undisputed that, at the time, he was asleep or unconscious, motionless on his back, and not in a state of sexual arousal. In other words, it is uncontradicted that he did not engage in a lewd or lascivious exhibition or exposition of his private parts while naked.
Accordingly, because a judgment of guilt and sentence have been entered against Goodmakers based upon facts which, as a matter of law, do not amount to a violation of section 800.03, we grant the petition and reverse the conviction and sentence.
REVERSED.[1]
BOARDMAN and DANAHY, JJ., concur.
NOTES
[1] Apparently, the state could have prosecuted Goodmakers for the second-degree misdemeanor of disorderly conduct pursuant to section 877.03, Florida Statutes (1981). This section provides in pertinent part: "Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency... shall be guilty of a misdemeanor of the second degree...." Cf. Moffett v. State, 340 So.2d 1155 (Fla. 1977) (supreme court affirmed the convictions of two women under section 877.03 for topless sunbathing on a public beach).