648 So.2d 797 (1994)
Victor WONYETYE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1653.
District Court of Appeal of Florida, Fourth District.
December 28, 1994.
*798 Bert Winkler, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant challenges his convictions in two separate jury trials for burglary, indecent exposure, trespass, and possession of burglary tools. He raises ten points on appeal. We find no reversible error in any of the points challenging his conviction. However, we reverse in part as to his sentence.
Appellant was charged with nineteen counts consisting of trespass, burglary, exposure of sexual organs, attempted burglary, and possession of burglary tools in connection with his alleged activities. The events giving rise to the charges took place at two separate residences, the Rush residence and the Parker residence. As to each residence, appellant's activities covered a several day period. He filed a motion to sever all counts for trial. The trial court granted the motion to the extent that it ordered separate trials for the counts relating to the Parker residence and the counts relating to the Rush residence. Appellant argues that it was error for the trial court to deny his motion to try each count separately. The granting of a severance is within the sound discretion of the trial court and will not be reversed absent abuse. State v. Vazquez, 419 So.2d 1088, 1090 (Fla. 1982). Two or more related offenses may be joined if they are based on the same act or transaction or on two or more connected acts or transactions. Fotopoulos v. State, 608 So.2d 784, 789 (Fla. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 2377, 124 L.Ed.2d 282 (1993). In the instant case each of the offenses tried together shared a temporal and geographical proximity, and the nature of the crimes and the activities of the appellant in each were very similar. Under the facts, the trial court did not abuse its discretion.
*799 We also disagree with appellant's contention that the trial court should have granted his motion for judgment of acquittal. As to his conviction for exposure of sexual organs under section 800.03, Florida Statutes, he argues that there was no evidence that his exposure of himself was in any way in a "vulgar or indecent manner," because there was no evidence that he intended anyone to see him. However, the facts adduced show that appellant, while on the private premises of another, masturbated as he looked into bedroom windows where young girls were sleeping. In Duvallon v. State, 404 So.2d 196, 197 (Fla. 1st DCA 1981), the First District cited Chesebrough v. State, 255 So.2d 675, 677, 678 (Fla. 1971), cert. denied, 406 U.S. 976, 92 S.Ct. 2427, 32 L.Ed.2d 676 (1972), and explained that a "vulgar or indecent manner" under section 800.03 necessarily related to a lascivious exhibition of private parts, which exhibition must be lewd, that is, involving an unlawful indulgence in lust, eager for sexual indulgence. In Boles v. State, 158 Fla. 220, 221, 27 So.2d 293, 294 (Fla. 1946), the court stated, "`Lewd', `lascivious' and `indecent' are synonymous and connote wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator." The facts of this case fit the Boles definition.
The remaining points as to the conviction also do not present reversible error.
As to the sentence, we affirm the habitualized sentence and the consecutive misdemeanor convictions. However, as to the attempted burglary of the Rush home and the possession of burglary tools also as to the Rush home (counts 14 and 15), we reverse and remand for the trial court to make these sentences concurrent rather than consecutive as they occurred as part of the same episode. See Daniels v. State, 595 So.2d 952 (Fla. 1992).
Affirmed in part; reversed in part and remanded for correction of sentence.
WARNER, POLEN and PARIENTE, JJ., concur.