681 So.2d 730 (1996)
Wahnetta Joanne SHETLER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01913.
District Court of Appeal of Florida, Second District.
May 24, 1996.
*731 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer and Douglas Chanco, Assistant Public Defenders, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
Wahnetta Joanne Shetler was arrested for three separate violations of Polk County Ordinance 92-31, prohibiting public nudity. She was prosecuted under the ordinance for wearing a T-back bathing suit while selling hot dogs. Shetler filed motions to dismiss the charges, challenging the constitutionality of the ordinance. The county court denied the motions and certified the following questions to this court as ones of great public importance:
WHETHER POLK COUNTY ORDINANCE 92-13 IS UNCONSTITUTIONAL ON THE GROUNDS THAT THE ORDINANCE IS VAGUE AND OVERBROAD AND VIOLATES THE DEFENDANT'S RIGHT TO FREE EXPRESSION AS PROTECTED BY FLORIDA AND UNITED STATES CONSTITUTIONS?
WHETHER POLK COUNTY ORDINANCE 92-13 WAS ENACTED IN VIOLATION OF ART. VIII, SECTION 1(f), OF THE FLORIDA CONSTITUTION CONCERNING THE REGULATION OF CONDUCT AND WHETHER THE ORDINANCE IS INCONSISTENT WITH GENERAL OR SPECIAL LAW?
We accepted jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(4)(A) and 9.160.
We answer the first question in the negative and hold that the ordinance is not unconstitutional. "When nudity is employed as sales promotion in bars and restaurants, nudity is conduct. As conduct, the nudity of employees is a fit subject for governmental regulation...." Hoffman v. Carson, 250 So.2d 891, 894 (Fla.) (quoting City of Portland v. Derrington, 253 Or. 289, 451 P.2d 111 (1969)), appeal dismissed, 404 U.S. 981, 92 S.Ct. 453, 30 L.Ed.2d 365 (1971); Board of *732 County Comm'rs v. Dexterhouse, 348 So.2d 916, 918-19 (Fla. 2d DCA 1977), aff'd sub nom, Martin v. Board of County Comm'rs, 364 So.2d 449 (Fla.1978), appeal denied, 441 U.S. 918, 99 S.Ct. 2024, 60 L.Ed.2d 392 (1979). Similarly, when a hot dog vendor wears a T-back bathing suit, that person is engaging in conduct that is fit for governmental regulation. Even if the conduct in this case were protected by the First Amendment, the protection would be minimal. Furthermore, the county's interest in protecting and preserving the health, safety, welfare, and morals of its citizens would justify this intrusion upon constitutionally protected expression. See 3299 N. Fed. Highway, Inc. v. Board of County Comm'rs, 646 So.2d 215 (Fla. 4th DCA 1994).
Having determined that Shetler's conduct was entitled to little, if any, constitutional protection, we decline to address whether the ordinance is vague or overbroad. The court will look at the ordinance only as it was applied to the particular person challenging its constitutionality. Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Shetler lacks standing to challenge the ordinance on the grounds that it was overbroad or vague. Ordinance 92-13 clearly and expressly prohibits the wearing of T-back bathing suits, and Shetler was prosecuted under the ordinance for wearing such a suit. Therefore, as applied to Shetler, the ordinance was neither overbroad nor vague. See Cafe 207, Inc. v. St. Johns County, 856 F.Supp. 641 (M.D.Fla.1994), judgment affirmed, 66 F.3d 272 (11th Cir. Fla.1994), cert. denied, ___ U.S. ___, 116 S.Ct. 1544, 134 L.Ed.2d 647 (1996).
We also answer the second question in the negative because the ordinance does not conflict with section 800.03 or section 877.03, Florida Statutes (1993). Both statutes regulate conduct, some of which may involve nudity. However, nothing in the statutes or in the ordinance indicates that they cannot co-exist. See Moffett v. State, 340 So.2d 1155 (Fla.1976) (dealing with the application of section 877.03, Florida Statutes (1975)); Hoffman, 250 So.2d 891 (dealing with the application of section 800.03, Florida Statutes (1969)); Goodmakers v. State, 450 So.2d 888 (Fla. 2d DCA 1984). Additionally, we reject Shetler's contention that section 125.01(1)(w), Florida Statutes, is an unconstitutional delegation of legislative authority to noncharter counties.
We, therefore, answer the certified questions in the negative and affirm the county court's order.
QUINCE and WHATLEY, JJ., concur.