PARKER, Acting Chief Judge.
The State of Florida appeals the order of the trial court dismissing a charge of felony animal cruelty against John R. Sim-bach. We reverse.
Simbach’s sworn motion,[1] filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), sets forth the undisputed facts in this case. Simbach fired two shots from a .357 caliber revolver at a dog belonging to Onita Young, both shots striking the dog. The dog suffered from the wounds until it was euthanized by a veterinarian two hours and twenty minutes later. The State charged Simbach with cruelty to animals in violation of section 828.12(2), Florida Statutes (1995). That section provides:
(2) A person who intentionally commits an act to any animal which results in the cruel death, or excessive or repeated infliction of unnecessary pain or suffering, or causes the same to be done, is guilty of a felony of the third degree....
§ 828.12, Fla. Stat. (1995). Simbach’s motion argued that Simbach cannot be convicted under section 828.12 because he did not intend for the animal to endure a cruel death or any unnecessary pain or suffering. The trial court interpreted the statute to require such a specific intent and entered an order which granted Simbach’s motion to dismiss and reduced the charge to misdemeanor cruelty to an animal.
We agree with the trial court’s interpretation of section 828.12 as requiring a specific intent to cause a cruel death or excessive or repeated infliction of unnecessary pain or suffering. However, we conclude that the trial court erred in granting Simbach’s motion because intent is not an issue to be decided on a motion to dismiss filed pursuant to rule 3.190(c)(4). See State v. Carwile, 615 So.2d 748, 750 (Fla. 2d DCA 1993) (intent is usually inferred from the acts of the parties and the surrounding circumstances and must be determined by the trier of fact, who has the opportunity to observe the witnesses).
Reversed and remanded.
GREEN, J., and HAYES, HUGH D., ASSOCIATE JUDGE, Concur.

. Simbach’s oath contained within the motion only swore that the facts contained in the motion “are true to the best of my knowledge.” Although this oath does not satisfy Florida Rule of Criminal Procedure 3.190(c)(4), the State has waived its objection by failing to file a motion to strike. See Goodmakers v. State, 450 So.2d 888, 890 (Fla. 2d DCA 1984).