STEVENSON, J.
Raul Rivera was tried by jury and convicted in March of 1997 of burglary of an occupied dwelling and indecent exposure. We reject appellant’s argument that it was fundamental error for the trial court not to have instructed the jury in conformity with a subsequent July 1997 amendment to the indecent exposure standard jury instruction, which specifically states that the crime of indecent exposure requires “an unlawful indulgence in lust or a wicked, lustful, unchaste, licentious or sensual intent on the part of the person doing the act.” Fla. Std. Jury Instr. (Crim.) [179] (July 1997)(emphasis added); see also Standard Jury Instructions in Criminal Cases (97-1), 697 So.2d 84, 91 (Fla.1997).
We find that the former instruction was sufficient to indicate to the jury that Rivera’s exposure must have been accompanied by a vulgar intent on his part. The instruction given stated that in order to sustain a conviction, the State must prove that the exposure of the sexual organs was done in a “vulgar or indecent manner” and that those terms were defined as “in such manner as to be offensive to common decency, lewd, or obscene.” Fla. Std. Jury Instr. (Crim.) [121], In discussing the indecent exposure statute, the First District stated:
The gravamen of the Florida statute is to make it unlawful for any person to expose or exhibit his sexual organs in a vulgar or indecent manner in any public place or private premises of another, so as to be seen. In addition, the statute makes it an offense to go or be naked in such place. The Florida Supreme Court has recognized that the term “vulgar or indecent manner” must be construed as necessarily relating to a lascivious exhibition of those private parts of a person which common propriety requires to be customarily kept covered in the presence of others. Lascivious means that the exposure or exhibition must be “lewd” involving “an unlawful indulgence in lust, eager for sexual indulgence.” Chesebrough v. State, 255 So.2d 675, at 677, 678 (Fla.1971). This is in accord with the general rule that statutes dealing with crimes of moral turpitude generally require proof of intent as an essential element. Florida signals its intent that there be intentional conduct by use of the term “in a vulgar or indecent manner.”
Duvallon v. State, 404 So.2d 196, 197 (Fla. 1st DCA 1981)(footnotes omitted).
In the instant case, Rivera was discovered, uninvited, inside the home of a female neighbor, wearing only a white robe with no tie. Rivera was seen standing over a playpen which held her nine-month-old son. The woman observed that Rivera’s robe was open and Rivera’s hand was on his genitals. The woman screamed at Rivera and began pushing him and telling him to get out. The victim of the burglary testified that she had absolutely no relationship with the defendant and that he had only been in her home once for approximately three to four minutes to deliver some patio furniture that Rivera’s wife had sold to her. We find that, under the facts of this case, the instruction given was sufficient.
AFFIRMED.
WARNER, C.J., and GROSS, J., concur.