The Honorable John Grant Senator, District 13 610 West Waters Avenue Suite A Tampa, Florida 33604
Dear Senator Grant:
You ask substantially the following question:
May a municipality enact an ordinance requiring the use of locking devices on firearms stored within the city?
In sum:
This office must presume the validity of a duly enacted ordinance until a court declares otherwise. Section 790.33, Florida Statutes, however, should be construed in view of the statute's purpose which is to preempt local regulations that interfere with an individual's right to bear arms. A requirement that gun owners secure their firearms with a gun lock would not appear to interfere with that right, nor does the existence of statutes requiring that firearms be secured necessarily preclude a municipality from adopting a more stringent standard.
You state that the City of South Miami has enacted an ordinance requiring the use of locking devices on firearms stored within the city. You express your concern that the ordinance violates the Joe Carlucci Uniform Firearms Act, section 790.33, Florida Statutes. That statute declares that the state preempts the whole field of regulation of firearms and ammunition "including the purchase, sale, transfer, taxation, manufacture, ownership, possession, and transportation thereof, to the exclusion of all existing and future county . . . or municipal ordinances or regulations relating thereto."[1] You also are concerned that the ordinance is in conflict with various statutes that require firearm owners to safely secure their firearms.[2]
Tragically, a number of Florida children have been accidentally killed or seriously wounded by negligently stored firearms. In addition, the increase in the incidence of school shootings across the country that have resulted in death and serious injury to students, teachers, and staff has made the issue of juvenile gun violence one of extreme importance to the citizens of this state. Gun safety for children has become a major issue in the Miami-Dade County area where several children have been killed or wounded in recent months in gun accidents.[3]
In recognition of these problems, the City of South Miami passed City Ordinance Number 14-00-1716, requiring locking devices on firearms stored within the city. In adopting the ordinance, the Mayor and City Commission of the City of South Miami were aware that section 790.33, Florida Statutes, preempts the field of regulation of firearms; however, it is the city's position that while section 790.33 preempts the city from regulating who may possess a firearm, it does not preempt the city from placing restrictions on how the firearm is stored.
Section 790.33, Florida Statutes, does not specifically refer to the storage of firearms; by such omission, the city concludes that it is not precluded from regulating in this limited area. An examination of section 790.33, Florida Statutes, indicates that the intent or purpose of the statute is to preclude local government from interfering with the right of people to bear arms. In interpreting the statute and its terms, such intent must be given effect.[4]
Thus, while section 790.33, Florida Statutes, seeks to preempt local regulations regarding the possession of firearms, the use of the term "possession" in the statute should be construed in view of the statute's purpose, i.e., to prevent local regulations that interfere with an individual's right to bear arms. A requirement that gun owners secure their firearms with a gun lock does not necessarily interfere with that right. Moreover, this office must presume the validity of the South Miami ordinance until and unless a court of competent jurisdiction makes a determination to the contrary.[5]
You have also expressed your concern about a possible conflict between the City of South Miami ordinance and other state statutes which require the safe storage of weapons.[6] In considering a conflict between state law and a county or municipal ordinance, the courts have generally required that the two must contradict each other in the sense that both legislative provisions (the ordinance and the statute) cannot coexist. Thus, an ordinance and legislative enactment are in "conflict" if, in order to comply with one, a violation of the other is required. It is not a conflict, however, if an ordinance is more stringent than the statute.[7] Compliance with a city ordinance requiring locking devices on firearms located within the city would not appear to prohibit compliance with the provisions of the state statutes requiring that firearms be safely secured.
Accordingly, I am of the opinion that section 790.33, Florida Statutes, should be construed in view of the statute's purpose, which is to preempt local regulations that interfere with an individual's right to bear arms. A requirement that gun owners secure their firearms with a gun lock would not appear to interfere with that right. Nor does the existence of statutes requiring that firearms be secured necessarily preclude a municipality from adopting a more stringent standard.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 790.33(1), Fla. Stat.
[2] See, ss. 784.05, 790.173-790.175, Fla. Stat.
[3] Ponce, Eunice, Miami Herald, "City Oks Gun Locks," June 6, 2000.
[4] See, e.g., In re Order on Prosecution of Criminal Appeals byTenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990) (legislative intent is the polestar by which court must be guided in interpreting statutory provisions); Byrd v.Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla. 1989) (courts obligated to honor obvious legislative intent and policy behind legislative enactment); Lowry v. Parole andProbation Commission, 473 So.2d 1248 (Fla. 1985).
[5] See, e.g., Jetton v. Jacksonville Electric Authority,399 So.2d 396 (Fla. 1st DCA 1981) (there is a presumption that legislative enactments are constitutional); State v. City of MiamiBeach, 234 So.2d 103 (Fla. 1970); cf., White v. Crandon,156 So. 303 (Fla. 1934) (statutes presumptively valid and must be given effect until judicially declared unconstitutional or invalid).
[6] You refer to ss. 784.05, 790.173-790.175, Fla. Stat. Section784.05(3) makes it a third degree felony for a person to store or leave a loaded firearm within the reach or easy access of a minor, if the minor obtains the firearm and uses it to inflict injury or death upon himself or herself or any other person. Section 790.174
requires the safe storage of firearms by placement in a secure box or by placing a trigger lock on the device.
[7] See, e.g., F.Y.I. Adventures, Inc. v. City of Ocala,698 So.2d 583 (Fla. 5th DCA 1997) (question to be resolved is whether compliance with the ordinance violates the state law or makes compliance with state law impossible); Shetler v. State,681 So.2d 730 (Fla. 2d DCA 1996); Board of County Commissioners of Dade
County v. Wilson, 386 So.2d 556, 560 (Fla. 1980).