GROSS, J.
Jeffrey Ross petitions for a writ of cer-tiorari from an appellate decision of the circuit court that affirmed his conviction of exposure of sexual organs, contrary to section 800.03, Florida Statutes (2002). We deny the petition, finding no departure from the essential requirements of law.
To be convicted of violating section 800.03, the state must prove that the defendant’s public exposure of himself was “in a vulgar or indecent manner.” See Wonyetye v. State, 648 So.2d 797, 799 (Fla. 4th DCA 1994).
Ross was convicted after a bench trial. The state offered evidence that he went shopping at a Wal-Mart in extremely short shorts. A witness testified that Ross’s penis was exposed from the bottom of the shorts and that he kept pulling up on the shorts. The witness told Ross to “tuck it in.” The two argued about whether Ross was exposed and he did nothing to cover himself up.
Ross testified in his own defense. He maintained that he had never exposed himself to the witness. Ross said that the witness “kept smiling at me throughout the store. Then when we finally spoke, she was looking into my eyes and she kind of gave me a dirty look. And then she said, after hesitation, ‘You’re exposed.’ ” Ross said that the two of them argued in raised voices about whether he was exposed.
Ross donned the shorts to demonstrate to the trial judge that he would not be exposed. The judge noted for the record that Ross “did not have underpants on.”
Ross was convicted and the circuit court affirmed the conviction.
We are mindful of the limited scope of our certiorari review. “[C]ertiorari should not be used to grant a second appeal, but instead is limited to those instances where the lower court did not afford procedural due process or departed from the essential requirements of law.” Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003). “[T]he departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error. A district court should exercise its discretion to grant certiorari review only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” Id. (emphasis in original). The supreme court explained that “clearly *686 established law” for purposes of certiorari review
can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law. Thus, in addition to case law dealing with the same issue of law, an interpretation or application of a statute, a procedural rule, or a constitutional provision may be the basis for granting certiorari review.
Id. at 890.
In the light most favorable to the state, the evidence was that Ross deliberately wore short shorts that were substantially sure to lead to the exposure of his penis. He enhanced the extent of his exposure by continually tugging up on the shorts. The trial judge, as the finder of fact, viewed Ross in the shorts and evaluated the credibility of the witnesses. Whether Ross acted in a “vulgar or indecent” manner under the statute was a question of fact. See W.R.H. v. State, 763 So.2d 1111, 1112 (Fla. 4th DCA 1999) (observing that the “determination of whether appellant’s ‘act was in fact lewd and lascivious’ is a question of fact and is based upon the circumstances of each individual case”) (citation omitted). Ross’s argument that the exposure was accidental and without lascivious intent are factual matters that the trial judge decided against him. The circuit court was required to uphold the trial judge’s factual finding if it was supported by competent, substantial evidence. The evidence supported the conviction. We find no departure from the essential requirements of law sufficient to warrant certiorari relief.
Ross cites to Burks v. State, 766 So.2d 468 (Fla. 5th DCA 2000). As the fifth district described it, Burks was a case with “unique facts and circumstances.” Id. at 468. The defendant, hard of hearing and an alcoholic, lived deep in the woods in rural Florida. He felt “more secluded on his property than he actually was.” Id. at 469. The fifth district found the evidence insufficient to show that the defendant had a licentious design when he walked around his secluded property in the nude. “There [was] no evidence that [the defendant] knew [anyone] had earlier been ogling him.” Id. at 470. The secluded property in Burks is very different from a Wal-Mart, where an exposure was likely to be seen by shoppers. Here, the location of the exposure was another factor supporting the finding that it occurred in a vulgar or indecent manner.
WARNER and MAY, JJ., concur.