## R. W. McKINLEY v. STATE.

No. A-5422.    Opinion Filed March 25, 1926.
(244 Pac. 208.)

Bruce L. Keenan and Sanford Martin, for plaintiff in error.

The Attorney General and Fred Hansen, Asst. Atty. Gen., for the State.

BESSEY, P. J.   The plaintiff in error, here designated the defendant, was prosecuted for lewdly exposing his person in the presence of Mary Schmelzla by taking a bath in her presence.   By verdict of a jury he was found guilty, with his punishment fixed at a fine of $25 and the costs of the prosecution.   The statutory meaning of the word "lewdly" and the motives of the defendant, as de-

duced from the facts proved, are practically the only questions involved in this appeal.

In the testimony the defendant is referred to as "the old man"; it was shown that he lived alone in a comfortable cottage on the hillside in Tahlequah; at first there were no other houses near, but some weeks prior to the date named in the information a house was moved and set on a lot adjacent to defendant's, with a distance of 40 or 50 feet between the two houses. During the hot summer months the defendant slept in his cottage in Adamic simplicity, without garments or covering; each morning he arose and prepared his morning meal, naked and unadorned; after that he repaired to a room adjoining the kitchen, 8 by 16 feet in dimensions, in the end of which there was a window, 24 inches square, overlooking the rear of the house in which the prosecuting witness lived; here, each morning, the defendant shaved himself and took a bath, sometimes with the window shade down and sometimes not.

On the day named in the information the wife of this neighbor, the prosecutrix, and her husband, while eating breakfast in their home, saw the defendant in his bathroom, through the bathroom window, taking his customary bath, to the embarrassment of the prosecutrix. It was shown that vision was somewhat obscured by the wire screens covering the openings in both houses. To confirm what they had seen, Mr. Schmelzla called another neighbor, and the two approached and stood near the bathroom window and watched the defendant.

The statute provides a penalty for several kinds of lewd or lascivious conduct, among which it is provided that any person who wilfully and lewdly exposes his person, or private parts, in any public place, or in a place where others are present who may be offended thereby, is guilty of a misdemeanor. Section 1886, Comp. Stat.

1921. The words "lewd" and "lascivious," when used in a statute to define an offense, usually have the same meaning, to wit, an unlawful indulgence in lust; eager for sexual indulgence. Vol. 3, Words and Phrases, Second Series, p. 95; Bouvier's Law Dictionary, Third Revision, pp. 1868, 1869, 1938; 36 Corpus Juris, 1035 et seq.; 8 R. C. L. "Lewdness," § 780.

The defendant's conduct and habits, as above outlined, were certainly extremely unconventional and reprehensible and such as would naturally offend ordinary persons who might be compelled to witness the affair. On the other hand, it was not done in a public place, or in the presence of others with a lewd or lascivious purpose, within the meaning of the statute, which imports more than a negligent disregard of the decent proprieties and consideration due to others.

The judgment of the trial court is reversed.

DOYLE and EDWARDS, JJ., concur.