463 So.2d 271 (1984)
James Randolf PAYNE, Petitioner,
v.
STATE of Florida, Respondent.
No. 84-1880.
District Court of Appeal of Florida, Second District.
October 26, 1984.
Elliott C. Metcalfe, Jr., Public Defender, Sarasota, and Layne Shroder, Asst. Public Defender, Arcadia, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for respondent.
OTT, Judge.
Petitioner has filed a petition for writ of certiorari seeking review of an appellate decision of the DeSoto County Circuit Court which affirmed his conviction for violation of section 800.03, Florida Statutes (1983), the indecent exposure statute. We grant the petition.
Petitioner was charged with violating section 800.03, a first-degree misdemeanor, following his arrest for urinating on a public parking lot. Petitioner pled not guilty and filed a sworn motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). In the motion, petitioner admitted committing the act charged. He asserted that the undisputed facts failed to establish that he exposed his sexual organ in a vulgar or indecent manner. The state did not file a traverse. Petitioner's motion to dismiss was denied. He pled nolo contendere and reserved the right to appeal the denial of his motion to dismiss to the circuit court. On appeal, the circuit court affirmed the county court's decision.
This case is controlled by our recent decision in Goodmakers v. State, 450 So.2d 888 (Fla. 2d DCA 1984). In Goodmakers, we held that in order for there to be a violation of section 800.03 there must be a lascivious exposure of a sexual organ. This means that "the perpetrator's exposition or exhibition involves `an unlawful indulgence in lust, eager for sexual indulgence.' Cheesebrough v. State, 255 So.2d 675, 677 (Fla. 1971)." Based upon the undisputed facts *272 in the instant case, petitioner's conduct as a matter of law did not constitute a violation of section 800.03. As noted in Goodmakers, apparently petitioner could have been charged with disorderly conduct pursuant to section 877.03, Florida Statutes (1981). 450 So.2d at 891, n. 1.
The decision of the circuit court is QUASHED.
SCHEB, A.C.J., and DANAHY, J., concur.