469 So.2d 196 (1985)
Gerard M. EGAL, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1937.
District Court of Appeal of Florida, Second District.
May 22, 1985.
*197 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
We affirm the conviction of this male defendant for committing a lewd and lascivious act in the presence of a female child under the age of fourteen years, a violation of section 800.04, Florida Statutes (1984).
A seven-year-old girl soliciting orders for Girl Scout cookies knocked on the door of defendant's home. Defendant opened the door and stood naked facing the girl. When the girl asked if defendant wanted to buy cookies, defendant answered affirmatively, took an order form from her and went inside while she waited. He reappeared at the door, still naked, and handed her the completed order form and a ten dollar bill, although no money was then owed for the order. The order form was filled out with a fictitious name, address and telephone number. Defendant's private parts were exposed to, and seen by, the girl.
Defendant's testimony, which the jury disbelieved, essentially was that he was alone in the house on the afternoon in question, that the girl did not come to the door, and that her positive identification of him was incorrect  in short, that the incident never happened with him. On appeal, defendant argues that the evidence at trial was insufficient to sustain his conviction.
The term "lewd and lascivious" has been referred to as generally and usually involving "an unlawful indulgence in lust, eager for sexual indulgence." Chesebrough v. State, 255 So.2d 675, 678 (Fla. 1971), cert. denied, 406 U.S. 976, 92 S.Ct. 2427, 32 L.Ed.2d 676 (1972); Payne v. State, 463 So.2d 271 (Fla.2d DCA 1984). That term has also been said to connote "wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator." Chesebrough, 255 So.2d at 677, quoting from Boles v. State, 158 Fla. 220, 27 So.2d 293, 294 (1946); Goodmakers v. State, 450 So.2d 888, 891 (Fla. 2d DCA 1984). The term "imports more than a negligent disregard of the decent proprieties and consideration due to others." McKinley v. State, 33 Okla. Cr. 434, 244 P. 208 (1926), cited by the Florida Supreme Court in Chesebrough for the foregoing general, usual meaning.
As indicated in Chesebrough, which declared section 800.04 constitutional, the legislature has not defined "lewd and lascivious," and it is for the judiciary to apply those words based upon common understanding of them. Chesebrough also noted that "[i]t would be, of course, difficult or impossible to detail in a statute book all the acts which would constitute lewd and lascivious behavior... ." 255 So.2d at 678, quoting from Buchanan v. State, 111 So.2d 51 (Fla. 1st DCA 1959). That task would, of course, be no less difficult or impossible in a court opinion. Therefore, a determination of the precise meaning of the words "lewd and lascivious" in particular contexts must be developed on a case by case basis.
*198 Prior cases have held that simply sleeping naked on a dock, apparently without deliberate exposure to others, was not lewd and lascivious, Goodmakers v. State, supra, nor was urinating in a public parking lot, apparently without deliberate exposure to others, Payne v. State, supra, or parading before the state capitol without clothing but with cardboard signs on front and back which avoided substantial exposure of sexual organs, Duvallon v. State, 404 So.2d 196 (Fla. 1st DCA 1981). Those cases were decided under section 800.03 which prohibits indecent exposure. However, the element of lewdness and lasciviousness has been determined to exist under both section 800.03 and 800.04. See Hoffman v. Carson, 250 So.2d 891 (Fla.), appeal dismissed, 404 U.S. 981, 92 S.Ct. 453, 30 L.Ed.2d 365 (1971); Goodmakers v. State, supra. On the other hand, Chesebrough found that exposing a young child to a view of sexual intercourse between his mother and stepfather was lewd and lascivious, as was conduct in Buchanan v. State, supra, which involved fondling and attempted sexual intercourse with a child under thirteen years of age.
Defendant contends that his mere nudity, which was not shown to have been accompanied by gestures or words, cannot be found to be in violation of section 800.04. We disagree. While it is true that in many circumstances mere nudity would not violate the statute, the jury in a case of this kind must also consider the intent of defendant. As explained above, lewd and lascivious has been said to mean "wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator." Chesebrough, 255 So.2d at 677. Thus, conduct which in some circumstances might be purely innocent, such as nudity, can be found to be lewd and lascivious if accompanied by the requisite improper intent. See Faulkner v. State, 146 Fla. 769, 1 So.2d 857 (1941).
In this case, although the evidence did not show that defendant spoke any words or made any motions evidencing an illicit intent, nevertheless the totality of the circumstances was such that the jury could properly have concluded that defendant's conduct violated the statute. One consideration is that defendant appeared at the door twice, and it is clear that defendant knowingly exposed himself in front of the young girl when he returned to the door where the girl was waiting. This factor distinguishes defendant's behavior from conduct in some other cases which was found not to be lewd and lascivious. For example, there was apparently no showing in Goodmakers that the man sleeping naked on the dock knew that anyone else was present and observing him, and there apparently was no showing in Payne that the defendant knowingly exposed himself to others. This factor of intentional exposure to others also distinguishes this case from the situation of a person who happens to be seen through a window while walking nude in his house. See McKinley v. State, supra.
The jury could have concluded from the evidence that defendant knowingly and with intent to do so exposed himself to the young girl. The evidence supported the jury's conclusion that defendant's intent was lewd and lascivious, i.e., wicked, licentious, or unchaste. Lewd and lascivious conduct is not limited to acts involving physical contact, threat thereof or manifested desire therefor. The prevailing, accepted standard of behavior in our society is to keep the private parts of one's body covered when in the presence of strangers. We recognize, as defendant argues, that mores and standards of behavior of our society change and that society's views on exposure of the body are more liberal today than in the not too distant past. As the court noted in State ex rel. Swanboro v. Mayo, 155 Fla. 330, 19 So.2d 883, 884 (1944), "[I]f forty years ago either a man or a woman had donned the apparel popular on our bathing beaches today... such person would probably have been ... branded as a lewd, lascivious and indecent person." And it is again true, some forty years after that statement was made, that many popular bathing suits of today would *199 no doubt be considered indecent by the standards of the 1940's.
However current standards have not changed to the point that total nudity is considered to be normally acceptable behavior. To intentionally expose one's private parts to a young child is hardly accepted conduct. Not all such exposure, however, is necessarily lewd and lascivious. There are occasions when a person exposing his body might have a reason for the exposure which our society might generally recognize as being not lewd or lascivious. For example, many people today would recognize that a person who is exposed in a nudist camp or in some theatrical presentation could very well have reasons for his exposure that are not at all lewd or lascivious. (We mention these situations merely as possible examples; we need not and do not decide whether conduct other than the specific conduct in this case is unlawful.)
As to bodily exposure in a nudist camp or a theatrical presentation or other similar situations, we are not expressing approval or disapproval. Nor are we saying that, or whether or not, all or even most members of our society would condone that behavior or want it to be viewed by themselves or their children. We do believe, however, that most people would recognize that in those situations and others, there may be exposure without lewd and lascivious intent.
Thus, the question in this case is whether the jury, in considering all the circumstances surrounding defendant's exposure, was justified in concluding that defendant had a lewd and lascivious intent. We believe that the evidence was sufficient to support the jury's decision. The evidence clearly showed that defendant, as he stood nude at his door in front of the young girl, was not in a nudist camp or a theatrical presentation or any situation comparable thereto. At that point he was not alone in the privacy of his own home where the mores of our society might require no explanation for nudity. In any event, "it is no longer necessary that such act [of lewdness] be committed in a public place or in the presence of many people. It has been held sufficient if it is an intentional act of lewdness, offensive to one or more persons present." Chesebrough, 255 So.2d at 678.
The fact that defendant filled out the order form with totally false information could have been interpreted by the jury to show that his intentions were not legitimate. This evidence also negates any possible supposition that defendant returned to the front door solely to order the cookies with no intent to expose himself again to the girl.
The lewd and lascivious interest of a defendant can be imputed from the circumstances. Boles v. State, 27 So.2d at 294. Thus, the jury could reasonably have concluded from all the evidence in this case that defendant's behavior was motivated not by any legitimate reason but by the illicit intent required under section 800.04.
Affirmed.
OTT, A.C.J., concurs.
FRANK, J., dissents with opinion.
FRANK, Judge, dissenting.
I respectfully dissent. The majority, in affirming the appellant's conviction, adopts the view that certain acts committed by him in addition to his nakedness offer sufficient indicia of "wicked, lustful, unchaste, licentious or sensual design," Chesebrough, 255 So.2d at 677, from which the jury could conclude that the appellant's conduct was lewd and lascivious in violation of section 800.04, Florida Statutes. I must disagree and in doing so, I emphasize that I attach no degree of propriety or approval to the manner in which the appellant presented himself to the child.
The determination of whether the accused engaged in the act charged by the information is a matter for the jury. State v. Mayo, 155 Fla. 330, 19 So.2d 883 (1944). The threshold question, however, is whether the appellant's behavior was lewd and lascivious within the meaning of section *200 800.04, Florida Statutes. That is a question for determination by the court. Id.
The majority has concluded that a lewd and lascivious intent can be inferred from the appellant's nude appearance before the child at his own front door on two occasions and his completion of the order form with false information. In my view the appellant's acts relied upon in the majority opinion to support the conviction, and the evidence taken as a whole, fall far short of disclosing a sensual design on his part. The record leaves no doubt that the appellant neither touched himself or the child, made any other lustful movement, nor uttered any comment to her other than agreeing to purchase the cookies. Although the appellant's naked presence at his front door is at the very least unorthodox and certainly condemnable when gauged by customary social standards, it does not as a matter of law equate with behavior proscribed by section 800.04. My brethren reach too far in attempting to bring the appellant's palpably strange performance within the boundaries of a "wicked, lustful, unchaste, licentious or sensual design." I would reverse the conviction.