BLUE, Judge.
Stephen A. Durant appeals his conviction for committing a lewd or lascivious act in the presence of a child under the age of 16 years. He argues that the evidence did not prove he knowingly exposed himself in a lewd or lascivious manner. We agree and reverse.
Durant was charged with two counts of committing a lewd or lascivious act under section 800.04(4), Florida Statutes (1991). After a bench trial, the court acquitted Durant on the first count but convicted him on the second. This count was based on allegations that Durant urinated off his back steps one evening, knowing that neighbor girls *164 were outside and would see him. The trial court also revoked Durant’s probation.
The act of urinating in public does not by itself constitute a lewd or lascivious act. Payne v. State, 463 So.2d 271 (Fla. 2d DCA 1984). Likewise, exposure of one’s private parts does not qualify unless the circumstances show a lewd or lascivious intent. Egal v. State, 469 So.2d 196 (Fla. 2d DCA) (Frank, J., dissenting), review denied, 476 So.2d 673 (Fla.1985). To support a conviction under section 800.04(4), the evidence must prove some degree of “wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator.” Egal, 469 So.2d at 197 (citations omitted). No evidence was introduced at trial to show such an intent.
Because the evidence failed to prove the required illicit intent on Durant’s part, we reverse his conviction. We remand for the trial court to reconsider the revocation of probation. It is unclear from the record whether the revocation was based solely on this conviction or whether the evidence presented at trial constituted alternate grounds for revocation. On remand, the trial court may revoke probation again if such an action is justified.
FRANK, C.J., and THREADGILL, J., concur.