697 So.2d 84 (1997)
STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES (97-1).
No. 89771.
Supreme Court of Florida.
July 10, 1997.
Fredricka G. Smith, Chairperson, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Miami, for Petitioner.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions (Criminal) has submitted recommended amendments to the Florida Standard Jury Instructions in Criminal Cases.
The proposed amendments as initially approved by the committee were published in The Florida Bar News. After receipt of comments, the committee submitted the following proposed amendments for our consideration:
1. An amended instruction 2.03 Plea of Not Guilty; Reasonable Doubt; and Burden of Proof.
2. An amended instruction for trafficking in cocaine (and other controlled substances) that addresses (a) the knowledge element, State v. Dominguez, 509 So.2d 917 (Fla.1987), (b) the definition of possession, (c) State v. Weller, 590 So.2d 923 (Fla.1991), and (d) recent statutory changes in amounts for enhancements.

*85 3. Amended instructions for second-degree murder and attempted second-degree murder.
4. An amended burglary instruction.
5. An amended instruction for the offense of exposure of sexual organs to include the requirement of intent and an objective standard of "harm."
6. An amended instruction 3.01(a) PrincipalsWhen Active Participant Hired by Defendant.
7. An amended instruction on solicitation of a child under the age of 18 years.
8. An amended instruction on sexual battery of a child between the ages of 12 and 18.
9. A new instruction for aggravated battery on a victim who is 65 years of age or older.
10. A new instruction for aggravated assault on a victim who is 65 years of age or older.
11. A new instruction for battery on a victim who is 65 years of age or older.
12. A new instruction for assault on a victim who is 65 years of age or older.
13. A new instruction for carjacking.
14. A new instruction for home invasion robbery.
15. A new instruction for the defense of insanityhallucinations.
16. A new defense instruction entitled "Independent Act."
17. A new instruction for aggravation of a felony for concealing identity through the use of a hood, mask, or other device.
18. A new instruction for aggravation of a felony by evidencing prejudice.
Upon the filing of the committee's recommendation in this Court, the foregoing list of proposed amendments were published in The Florida Bar News together with advice that the text of the proposed amendments and explanatory comments could be found on the Court's home page. No new comments to the proposed amendments were filed with this Court. Upon consideration, we hereby adopt the proposed amendments as set forth in the appendix attached to this opinion and approve them for publication.
As part of its proposed amendment to the instruction on trafficking in cocaine, the committee redefined the term "possession." By virtue of our approval of that instruction, the definition of "possession," which now also appears in the instructions on pages 220, 221-223, 224, 225-227, 245, and 249-250, is hereby amended in the same manner.
In recommending the elimination of the word "agency" in the instruction on seconddegree murder, the committee recommended that the word "agency" should also be deleted in the current instruction on first-degree murder. We approve this amendment as reflected in the new instruction on first-degree murder set forth as item 19 in the appendix.
In the course of recommending an instruction on aggravated assault on persons 65 years of age or older, the committee recommended the addition of the words "mind of" to the definition of assault contained within that instruction and recommended that such words be included in the instruction on assault. Accordingly, we approve the addition of these words to the instruction on assault which appears as item 20 in the appendix.
We caution all interested persons that the notes and comments reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The amendments as set forth in the appendix shall be effective when this opinion becomes final. Entirely new instructions are indicated as such. In the amended instructions, new language is indicated by underlining and deletions are indicated by struck-through type. We wish to express our appreciation to the committee for its dedication in presenting to the Court its recommendations.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.

APPENDIX

(1)
2.03 PLEA OF NOT GUILTY; REASONABLE DOUBT; AND BURDEN OF PROOF [Amended]
The defendant has entered a plea of not guilty. This means you must presume or *86 believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the [information] [indictment] through each stage of the trial until unless it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt.
To overcome the defendant's presumption of innocence the State has the burden of proving the following two elements:
1. Tthe crime with which the defendant is charged was committed, and
2. Tthe defendant is the person who committed the crime.
The defendant is not required to present evidence or prove anything.
Whenever the words "reasonable doubt" are used you must consider the following:
Note to Judge:
It is recommended that you use this instruction to define reasonable doubt during voir dire. State v. Wilson, 686 So.2d 569 (Fla.1996).
A reasonable doubt is not a mere possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt. On the other hand, if, after carefully considering, comparing and weighing all the evidence, there is not an abiding conviction of guilt, or, if, having a conviction, it is one which is not stable but one which wavers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.
It is to the evidence introduced upon in this trial, and to it alone, that you are to look for that proof.
A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence or the lack of evidence.
If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, you should find the defendant guilty.

(2)

TRAFFICKING IN COCAINE

F.S. 893.135(1)(b) [Amended]
Certain drugs and chemical substances are by law known as "controlled substances." Cocaine or any mixture containing cocaine is a controlled substance.
Before you can find the defendant guilty of Trafficking in Cocaine, the State must prove the following four elements beyond a reasonable doubt:
Elements
1. (Defendant) knowingly
[sold]
[purchased]
[manufactured]
[delivered]
[brought into Florida]
[possessed]
a certain substance.
2. The substance was [cocaine] [a mixture containing cocaine].
3. The quantity of the substance involved was 28 grams or more.
Note to Judge
If applicable, the judge should instruct the jury on F.S. 893.135(2).
4. (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (specific substance alleged).
4. (Defendant) knew that the substance was [cocaine] [a mixture containing cocaine].
See State v. Dominguez, 509 So.2d 917 (Fla. 1987)
Note to Judge
If applicable under the facts of the case and pursuant to F.S. 893.135(2), the following bracketed language should be given instead of element 4 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold cocaine, the alternate element 4 would be given.
[4. (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an *87 enumerated controlled substance in F.S. 893.135 (i)), but actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] cocaine or a mixture containing cocaine.]
Definitions; give as applicable

Sell
"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.

Manufacture F.S. 893.02(12)(a)
"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.

Deliver F.S. 893.02(5)
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.

Possession
To "possess" means to have personal charge of or exercise the right of ownership, management or control over the thing possessed.
Possession may be actual or constructive. If a thing is in the hand of or on the person, or in a bag or container in the hand of or on the person, or is so close as to be within ready reach and is under the control of the person, it is in the actual possession of that person.
If a thing is in a place over which the person has control or in which the person has hidden or concealed it, it is in the constructive possession of that person.
Possession may be actual or constructive.
Actual possession means
(a) the thing is in the hand of or on the person, or
(b) the thing is in a container in the hand of or on the person, or
(c) the thing is so close as to be within ready reach and is under the control of the person.
Give if applicable
Mere proximity to a thing is not sufficient to establish control over that thing when the thing is not in a place over which the person has control.
Constructive possession means the thing is in a place over which the person has control, or in which the person has concealed it.
Give if applicable See Chicone v. State, 684 So.2d 736 (Fla.1996)
If a thing is in a place over which the person does not have control, in order to establish constructive possession the State must prove the person's (1) control over the thing, (2) knowledge that the thing was within the person's presence, and (3) knowledge of the illicit nature of the thing.
Possession may be joint, that is, two or more persons may jointly have possession of an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.
If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed.
If a person does not have exclusive possession of a thing, knowledge of its presence may not be inferred or assumed.
Note to Judge
If the defense seeks to show a lack of knowledge as to the nature of a particular drug, an additional instruction may be required. See State v. Medlin, 273 So.2d 394 (Fla.1973).
See State v. Weller, 590 So.2d 923 (Fla.1991)
The punishment provided by law for the crime of Trafficking in Cocaine is greater depending on the amount of cocaine involved. Therefore, Iif you find the defendant *88 guilty of trafficking in cocaine, you must determine by your verdict whether: Enhanced penalty; give if applicable up to extent of charge
a. [The quantity of the substance involved was in excess of 28 grams but less than 200 grams.]
b. [The quantity of the substance involved was 200 grams or more but less than 400 grams.]
c. [The quantity of the substance involved was 400 grams or more but less than 150 kilograms.]
d. [The quantity of the substance involved was 150 kilograms or more but less than 300 kilograms.]
TRAFFICKING IN CANNABIS
F.S. 893.135(1)(a) [Amended]
Certain drugs and chemical substances are by law known as "controlled substances." Cannabis is a controlled substance.
Before you can find the defendant guilty of Trafficking in Cannabis, the State must prove the following four elements beyond a reasonable doubt:
Elements
1. (Defendant) knowingly
[sold]
[purchased]
[manufactured]
[delivered]
[brought into Florida]
[possessed]
a certain substance.
2. The substance was cannabis.
3. The quantity of the cannabis involved was in excess of 100 50 pounds.
Note to Judge
If applicable, the judge should instruct the jury on F.S. 893.135(2).
4. (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (specific substance alleged).
See State v. Dominguez, 509 So.2d 917 (Fla. 1987)
4. (a) (Defendant) knew that the substance was cannabis.
Note to Judge
If applicable under the facts of the case and pursuant to F.S. 893.135(2), the following bracketed language should be given instead of element 4 above. For example, if it is alleged that the defendant intended to sell heroin, but actually sold cannabis, the alternate element 4 would be given.
[4. (Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled substance in F.S. 893.135(l)), but actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] cannabis.]
[Except for the last paragraph, the remaining paragraphs of this instruction are identical to the corresponding paragraphs of the Trafficking in Cocaine instruction. Those paragraphs, therefore, are omitted.]
See State v. Weller, 590 So.2d 923 (Fla.1991)
The punishment provided by law for the crime of Trafficking in Cannabis is greater depending on the amount of cannabis involved. Therefore, Iif you find the defendant guilty of trafficking in cannabis, you must determine by your verdict whether:
Enhanced penalty; give if applicable up to extent of charge
a. [The quantity of the substance involved was in excess of 100 50 pounds but less than 2,000 pounds.]
b. [The quantity of the substance involved was 2,000 pounds or more but less than 10,000 pounds.]
c. [The quantity of the substance involved was 10,000 pounds or more.]
TRAFFICKING IN PHENCYCLIDINE
F.S. 893.135(1)(d) [Amended]
[Except for the name of the controlled substance and except for the last paragraph, this instruction is identical to the Trafficking in Cocaine instruction. All paragraphs of this *89 instruction except for the last paragraph therefore, are omitted.]
See State v. Weller, 590 So.2d 923 (Fla.1991)
The punishment provided by law for the crime of Trafficking in Phencyclidine is greater depending on the amount of phencyclidine involved. Therefore, Iif you find the defendant guilty of trafficking in phencyclidine, you must determine by your verdict whether:
Enhanced penalty; give if applicable up to extent of charge
a. [The quantity of the substance involved was in excess of 28 grams but less than 200 grams.]
b. [The quantity of the substance involved was 200 grams or more but less than 400 grams.]
c. [The quantity of the substance involved was 400 grams or more but less than 800 grams.]

TRAFFICKING IN METHAQUALONE

F.S. 893.135(1)(e) [Amended]
[Except for the name of the controlled substance and except for the last paragraph, this instruction is identical to the Trafficking in Cocaine instruction. All paragraphs of this instruction except for the last paragraph, therefore, are omitted.]
See State v. Weller, 590 So.2d 923 (Fla.1991)
The punishment provided by law for the crime of Trafficking in Methaqualone is greater depending on the amount of methaqualone involved. Therefore, Iif you find the defendant guilty of trafficking in methaqualone, you must determine by your verdict whether:
Enhanced penalty; give if applicable up to extent of charge
a. [The quantity of the substance involved was in excess of 200 grams but less than 5 kilograms.]
b. [The quantity of the substance involved was 5 kilograms or more but less than 25 kilograms.]
c. [The quantity of the substance involved was 25 kilograms or more but less than 50 kilograms.]

TRAFFICKING IN ILLEGAL DRUGS

F.S. 893.135(1)(c) [Amended]
[Except for the name of the controlled substance and except for the last paragraph, this instruction is identical to the Trafficking in Cocaine instruction. All paragraphs of this instruction except for the last paragraph, therefore, are omitted.]
See State v. Weller, 590 So.2d 923 (Fla.1991)
The punishment provided by law for the crime of Trafficking in Illegal Drugs is greater depending on the amount of (specific substance alleged) involved. Therefore, Iif you find the defendant guilty of trafficking in illegal drugs, you must determine by your verdict whether:
Enhanced penalty; give if applicable up to extent of charge
a. [The quantity of the substance involved was in excess of 4 grams but less than 14 grams.]
b. [The quantity of the substance involved was 14 grams or more but less than 28 grams.]
c. [The quantity of the substance involved was 28 grams or more but less than 30 kilograms.]
d. [The quantity of the substance involved was 30 kilograms or more but less than 60 kilograms.]

(3)

MURDERSECOND DEGREE

F.S. 782.04(2) [Amended]
Before you can find the defendant guilty of Second Degree Murder, the State must prove the following three elements beyond a reasonable doubt:
Elements
1. (Victim) is dead.
2. The death was caused by the criminal act or agency of (defendant).
3. There was an unlawful killing of (victim) by an act imminently dangerous *90 to another and evincing demonstrating a depraved mind regardless of without regard for human life.

Definitions
An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.
An act is one "imminently dangerous to another and evincing demonstrating a depraved mind regardless of human life" if it is an act or series of acts that:
1. a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and
2. is done from ill will, hatred, spite or an evil intent, and
3. is of such a nature that the act itself indicates an indifference to human life.
In order to convict of Second Degree Murder, it is not necessary for the State to prove the defendant had an premeditated intent to cause death.

ATTEMPTED SECOND DEGREE MURDER

F.S. 782.04(2) and 777.04 [Amended]
Before you can find the defendant guilty of Attempted Second Degree Murder, the State must prove the following two elements beyond a reasonable doubt:
Elements
1. (Defendant) intentionally committed an act which would have resulted in the death of (victim) except that someone prevented (defendant) from killing (victim) or [he][she] failed to do so.
2. The act was imminently dangerous to another and evincing demonstrating a depraved mind regardless of without regard for human life.

Definitions
An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.
An act is "imminently dangerous to another and evincing demonstrating a depraved mind regardless of human life," if it is an act or series of acts that:
1. a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and
2. is done from ill will, hatred, spite or an evil intent, and
3. is of such a nature that the act itself indicates an indifference to human life.
In order to convict of attempted second degree murder, it is not necessary for the State to prove the defendant had an premeditated intent to cause death.
It is not an attempt to commit second degree murder if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of [his][her] criminal purpose.

(4)

BURGLARY

F.S. 810.02 [Amended]
The third paragraph of the instruction on page 135 of the manual is amended as follows:
Give whichever bracketed language applies
A person may be guilty of this offense [if he or she originally entered the premises at a time when they were open to the public, but remained there after he or she knew that the premises were closed to the public]
[or]
[if he or she entered into or remained in areas of the premises which he or she knew or should have known were not open to the public],
if he or she had the intent to commit the crime described in the charge.
Comment: The committee believes that the additional language is necessary in certain factual situations. See Dakes v. State, 545 *91 So.2d 939 (Fla. 3d DCA 1989). Further, we recommend bracketing the two phrases with a note that only the applicable language be given.
The next to the last paragraph of the instruction on page 137 of the manual is amended as follows:
A "dwelling" is a house of any kind or a house trailer set in a foundation or any apartment or room actually used as a dwelling, home or place of abode, permanently or temporarily.
"Dwelling" means a building [or conveyance] of any kind, including any attached porch, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it.

(5)

EXPOSURE OF SEXUAL ORGANS

(IN A VULGAR OR INDECENT MANNER)

F.S. 800.03 [Amended]
Before you can find the defendant guilty of (crime charged) [Indecent Exposure] [or] [Nakedness], the State must prove the following three four elements beyond a reasonable doubt:
Elements
1. (Defendant)
[exposed or exhibited [his] [her] sexual organs.]
[was naked.]
2. [He] [She] [did so] [was naked] [in a public place.]
[on the private premises of another.]
[so near the private premises of another as to be seen from those private premises.]
3. (Defendant) intended the [exposure or exhibition of [his][her] sexual organs] [or] [nakedness] to be in a vulgar, indecent, lewd or lascivious manner.
4. The [exposure or exhibition of the sexual organs] [or] [nakedness] was in a vulgar, or indecent, lewd or lascivious manner.
Proof of mere nudity or exposure is not sufficient to sustain a conviction.
Definitions
As used in regard to this offense the words "vulgar," "indecent," "lewd" and "lascivious" mean the same thing. They mean an unlawful indulgence in lust or a wicked, lustful, unchaste, licentious or sensual intent on the part of the person doing the act.
Acts are not vulgar, indecent, lewd or lascivious unless such acts cause offense to one or more persons viewing those acts or unless the acts substantially intrude upon the rights of others.
A "public place" is any place intended or designed to be frequented or resorted to by the public.
A "vulgar and indecent manner" means in such manner as to be offensive to common decency, lewd or obscene.

(6)

3.01(a) PRINCIPALSWHEN ACTIVE PARTICIPANT HIRED BY DEFENDANT [Amended]

F.S. 777.011
If the defendant paid or promised to pay another person or persons to [commit] [attempt to commit] a crime, the defendant is a principal and must be treated as if [he][she] had done all of the things the person who was promised or received the money did if
1. the defendant knew what was going to happen, had a conscious intent that the criminal act be done and
2. [he][she] made or promised the payment in exchange for the commission or promise to commit the crime or to help commit the crime and
3. the [crime] [attempt] was committed by (the other person co-conspirator).
*92 See State v. Dene, 533 So.2d 265 (Fla.1988)
To be a principal, the defendant does not have to be present when the crime is [committed] [or] [attempted].

(7)

SOLICITATION OF CHILD TWELVE YEARS OF AGE OR OLDER BUT UNDER EIGHTEEN YEARS OF AGE TO ENGAGE IN AN ACT WHICH CONSTITUTES SEXUAL ACTIVITY BATTERY BY PERSON IN FAMILIAL OR CUSTODIAL AUTHORITYF.S. 794.041(2)(a)794.011(8)(a) [Amended]
Before you can find the defendant guilty of Solicitation of a Child to Engage in an Act which Constitutes Sexual Activity Battery by a Person in Familial or Custodial Authority, the State must prove the following three elements beyond a reasonable doubt:
Elements
1. (Child Victim) was twelve years of age or older but less than eighteen years of age.
2. (Defendant) stood in the position of familial or custodial authority with regard to (child victim).
3. (Defendant) [commanded] [encouraged] [hired] [requested] [tried to induce] (child victim) to engage in an act which constitutes sexual activity battery in which:
a. [the sexual organ of the [ (defendant) ] [ (victim)]would penetrate or have union with the [anus] [vagina] [mouth] of the [ (victim) ] [ (defendant) ].]
b. [the [anus] [vagina] of (victim) would be penetrated by an object.]
It is not necessary that such a sexual activity battery actually take place for the crime to be completed.
It is not a defense that (child victim) was willing to engage in such an act which constitutes sexual activity battery or consented to engage in such sexual activity acts.
Give if applicable
However, any act done for bona fide medical purposes is not a sexual battery.
Definition Give if applicable
"Union" means contact.

(8)

SEXUAL ACTIVITY WITH BATTERY UPON CHILD TWELVE YEARS OF AGE OR OLDER BUT UNDER EIGHTEEN YEARS OF AGE BY PERSON IN FAMILIAL OR CUSTODIAL AUTHORITY F.S. 794.041(2)(b) 794.011(8)(b) [Amended]
Before you can find the defendant guilty of Sexual Activity With Battery Upon a Child by a Person in a Familial or Custodial Authority, the State must prove the following three elements beyond a reasonable doubt:
Elements
1. Child Victim was twelve years of age or older but less than eighteen years of age.
2. (Defendant) stood in the position of familial or custodial authority with regard to (child victim).
3. (Defendant) engaged in sexual activity with committed an act upon (child victim) in which:
a. [the sexual organ of the [ (defendant) ] [ (victim) ] penetrated or had union with the [anus] [vagina] [mouth] of the [ (victim) ] [ (defendant) ].]
b. [the [anus] [vagina] of (victim) was penetrated by an object.]
It is not a defense that (child victim) was willing to engage in such acts which would constitute a sexual activity battery or consented to engage in such sexual activity acts.
Give if applicable
However, any act done for bona fide medical purposes is not a sexual battery.
Definition Give if applicable
"Union" means contact.

*93 (9)

AGGRAVATED BATTERY ON PERSON 65 YEARS OF AGE OR OLDER

F.S. 784.08(2)(a) [New]
Before you can find the defendant guilty of aggravated battery of a person 65 years of age or older, the state must prove the following three elements beyond a reasonable doubt. The first element is a definition of battery.
Elements
1. (Defendant) intentionally
[touched or struck [victim] against [his][her] will.]
[caused bodily harm to (victim).]

Note to Judge:
2. (Defendant) in committing the battery
Give 2a or 2b or 2c as applicable
a. [intentionally or knowingly caused]
[great bodily harm to (victim) ]
[permanent disability to (victim)].
b. [used a deadly weapon.]
c. [knew or should have known that (victim) was pregnant.]
3. (Victim) was at the time 65 years of age or older.
Definition; give if 2b alleged
A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.

(10)

AGGRAVATED ASSAULT ON PERSON 65 YEARS OF AGE OR OLDER

F.S. 784.08(2)(b) [New]
Before you can find the defendant guilty of aggravated assault of a person 65 years of age or older, the state must prove the following five elements beyond a reasonable doubt. The first three elements define assault.
Elements
1. (Defendant) intentionally and unlawfully threatened, either by word or act, to do violence to (victim).
2. At the time, (defendant) appeared to have the ability to carry out the threat.
3. The act of (defendant) created in the mind of (victim) a well-founded fear that the violence was about to take place.
Give 4a or 4b
4. a. [The assault was made with a deadly weapon.]
b. [The assault was made with a fully-formed conscious intent to commit (crime charged) upon (victim).]
Note to Judge
If 4b is alleged, define the crime charged.
5. (Victim) was at the time 65 years of age or older.
Definition; give if 4a alleged
A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.
Give if 4a alleged
It is not necessary for the State to prove that the defendant had an intent to kill.

(11)

BATTERY ON PERSON 65 YEARS OF AGE OR OLDER

F.S. 784.08(2)(c) [New]
Before you can find the defendant guilty of battery of a person 65 years of age or older, the state must prove the following two elements beyond a reasonable doubt:
Elements
1. (Defendant) intentionally [touched or struck (victim) against [his][her] will] [caused bodily harm to (victim) ].
2. (Victim) was at the time 65 years of age or older.

*94 (12)

ASSAULT ON PERSON 65 YEARS OF AGE OR OLDER

F.S. 784.08(2)(d) [New]
Before you can find the defendant guilty of assault on a person 65 years of age or older, the state must prove the following four elements beyond a reasonable doubt:
Elements
1. (Defendant) intentionally and unlawfully threatened, either by word or act, to do violence to (victim).
2. At the time (defendant) appeared to have the ability to carry out the threat.
3. The act of (defendant) created in the mind of (victim) a well-founded fear that the violence was about to take place.
4. (Victim) was at the time 65 years of age or older.

(13)

CARJACKING

F.S. 812.133 [New]
Before you can find the defendant guilty of carjacking, the State must prove the following three elements beyond a reasonable doubt:
Elements
1. (Defendant) took the motor vehicle from the person or custody of (victim).
2. Force, violence, assault, or putting in fear was used in the course of the taking.
3. The taking was with the intent to temporarily or permanently [deprive (victim) of [his][her] right to the motor vehicle or any benefit from it.] [appropriate the motor vehicle of (victim) to [his][her] own use or to the use of any person not entitled to it.]
"In the course of the taking" means that the act occurred before, during or after the taking of the motor vehicle and that the act and the taking of the motor vehicle constitute a continuous series of acts or events.
Title to property
In order for a taking of property to be carjacking, it is not necessary that the victim be the actual owner of the property. It is sufficient if the victim has the custody of the property at the time of the offense.
Force; give if applicable
The taking must be by the use of force or violence or by assault so as to overcome the resistance of the victim, or by putting the victim in fear so that the victim does not resist. The law does not require that the victim of carjacking resist to any particular extent or that the victim offer any actual physical resistance if the circumstances are such that the victim is placed in fear of death or great bodily harm if he or she does resist. But unless prevented by fear there must be some resistance to make the taking one done by force or violence.
Victim unconscious; give if applicable
It is also carjacking if a person, with intent to take the property from a victim, administers any substance to the victim so that [he][she] becomes unconscious and then takes the property from the person or custody of the victim.
Enhanced penalty; give if applicable
The punishment provided by law for the crime of carjacking is greater if "in the course of committing the carjacking" the defendant carried some kind of weapon. An act is "in the course of committing the carjacking" if it occurs in an attempt to commit carjacking or in flight after the attempt or commission. Therefore, if you find the defendant guilty of carjacking, you must then consider whether the State has further proved those aggravating circumstances and reflect this in your verdict.
With a firearm or deadly weapon
If you find that the defendant carried a firearm or other deadly weapon in the course of committing the carjacking, you *95 should find [him][her] guilty of carjacking with a firearm or deadly weapon.
With no firearm or weapon
If you find that the defendant carried no firearm or weapon in the course of committing the carjacking, but did commit the carjacking, you should find [him][her] guilty only of carjacking.
Note to judge
The only enhancement under the statute is for carrying a firearm or other deadly weapon, not for carrying a nondeadly weapon as in the robbery statute.
Definitions
A "firearm" is legally defined as (adapt from F.S. 790.001(6) as required by allegations).
A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.

(14)

HOME INVASION ROBBERY

F.S. 812.135 [New]
Before you can find the defendant guilty of home-invasion robbery, the State must prove the following three elements beyond a reasonable doubt:
Elements
1. (Defendant) entered the dwelling of (victim).
2. At the time (defendant) entered the dwelling, [he][she] intended to commit robbery.
3. While inside the dwelling, (defendant) did commit robbery.
Note to judge
Now define robbery by reading the instruction on pages 155 and 156, omitting the sections regarding enhanced penalties.
Definition
"Dwelling" means a building [or conveyance] of any kind, including any attached porch, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it.

(15)

3.04(b)(2) INSANITYHALLUCINATIONS [New]
An issue in this case is whether (defendant) was insane when the crime allegedly was committed.
A person is considered to be insane when:
1. The person had a mental infirmity, disease, or defect.
2. Because of this condition, the person had hallucinations or delusions which caused the person to honestly believe to be facts things which are not true or real.
The guilt or innocence of a person suffering from such hallucinations or delusions is to be determined just as though the hallucinations or delusions were actual facts. If the act of the person would have been lawful had the hallucinations or delusions been the actual facts, the person is not guilty of the crime.
Note to Judge
If voluntary intoxication is raised by the defense, see 3.04(g).
All persons are presumed to be sane. However, if the evidence causes you to have a reasonable doubt concerning the defendant's sanity, then the presumption of sanity vanishes and the state must prove beyond a reasonable doubt that the defendant was sane.
In determining the issue of insanity, you may consider the testimony of expert and nonexpert witnesses. The question you must answer is not whether the defendant is insane today, or has ever been insane, but simply if the defendant was insane at the time the crime allegedly was committed.
Unrestrained passion or ungovernable temper is not insanity, even though the *96 normal judgment of the person be overcome by passion or temper.
If the evidence establishes that the defendant had been adjudged insane by a court, and has not been judicially restored to legal sanity, then you should assume the defendant was insane at the time of commission of the alleged crime, unless the evidence convinces you otherwise.
If you find that (defendant) committed the crime but have a reasonable doubt that [he][she] was sane at that time, then you should find [him][her] not guilty by reason of insanity.
If your verdict is that the defendant is not guilty because insane, that does not necessarily mean [he][she] will be released from custody. I must conduct further proceedings to determine if the defendant should be committed to a mental hospital, or given other outpatient treatment or released.

(16)

3.04(h) INDEPENDENT ACT [New]
If you find that the crime alleged was committed, an issue in this case is whether the crime of (crime alleged) was an independent act of a person other than the defendant. An independent act occurs when a person other than the defendant commits or attempts to commit a crime
Elements
1. which the defendant did not intend to occur, and
2. in which the defendant did not participate, and
3. which was outside of and not a reasonably foreseeable consequence of the common design or unlawful act contemplated by the defendant.
If you find the defendant was not present when the crime of (crime alleged) occurred, that does not, in and of itself, establish that the (crime alleged) was an independent act of another.
If you find that the (crime alleged) was an independent act of [another] [ (name of individual) ], then you should find (defendant) not guilty of the crime of (crime alleged).
Note to judge
If the name of the other person is known, it should be inserted here; otherwise, use the word "another."

(17)

3.05(e) AGGRAVATION OF A FELONY BY WEARING A HOOD, MASK OR OTHER DEVICE TO CONCEAL IDENTITY [New]
If you find that (defendant) committed (crime charged) and you also find that (defendant) was wearing a hood, mask or other device that concealed [his][her] identity, you should find (defendant) guilty of (crime charged) while wearing a device that concealed [his][her] identity.
If you find only that the defendant committed (crime charged) but did not wear a hood, mask or other device that concealed [his][her] identity, then you should find the defendant guilty only of (crime charged).

(18)

3.05(f) AGGRAVATION OF A FELONY BY EVIDENCING PREJUDICE F.S. 775.085 [New]
If you find that (defendant) committed (crime charged) and you also find that during the commission of the crime (defendant)
1. perceived, knew, or had reasonable grounds to perceive or know (victim's) [race] [color] [ancestry] [ethnicity] [religion] [sexual orientation] [national origin], and
2. intentionally selected (victim) because of that perception or knowledge,
you should find the defendant guilty of (crime charged) evidencing prejudice.
If you find that the defendant committed (crime charged) but did so without evidencing prejudice, then you should find *97 the defendant guilty only of (crime charged).

(19)

MURDERFIRST DEGREE

F.S. 782.04(1)(a) [Amended]
Note to Judge
When there will be instructions on both premeditated and felony murder, the following explanatory paragraph should be read to the jury:
There are two ways in which a person may be convicted of first degree murder. One is known as premeditated murder and the other is known as felony murder.
Before you can find the defendant guilty of First Degree Premeditated Murder, the State must prove the following three elements beyond a reasonable doubt:
1. (Victim) is dead.
2. The death was caused by the criminal act or agency of (defendant).
3. There was a premeditated killing of (victim).
Definitions
An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.
"Killing with premeditation" is killing after consciously deciding to do so. The decision must be present in the mind at the time of the killing. The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the killing. The period of time must be long enough to allow reflection by the defendant. The premeditated intent to kill must be formed before the killing.
The question of premeditation is a question of fact to be determined by you from the evidence. It will be sufficient proof of premeditation if the circumstances of the killing and the conduct of the accused convince you beyond a reasonable doubt of the existence of premeditation at the time of the killing.
Transferred intent; give if applicable
If a person has a premeditated design to kill one person and in attempting to kill that person actually kills another person, the killing is premeditated.

(20)

ASSAULT

F.S. 784.011 [Amended]
Before you can find the defendant guilty of Assault, the State must prove the following three elements beyond a reasonable doubt:
Elements
1. (Defendant) intentionally and unlawfully threatened, either by word or act, to do violence to (victim).
2. At the time (defendant) appeared to have the ability to carry out the threat.
3. The act of (defendant) created in the mind of (victim) a well-founded fear that the violence was about to take place.