763 So.2d 1111 (1999)
W.R.H., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1414.
District Court of Appeal of Florida, Fourth District.
December 22, 1999.
*1112 Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Consuelo Maingot, Assistant Attorney General, Fort Lauderdale, for appellee.
DELL, J.
W.R.H. appeals his conviction and sentence for exposing his sexual organs in public in violation of section 800.03, Florida Statutes (1997). We affirm.
Appellant was charged with exposing his sexual organs on a public street. According to witnesses, appellant and some friends rode their bicycles up to Guy Skodmin, Sr., his son, and some other neighborhood children, who were playing football. Appellant began cursing at Mr. Skodmin and subsequently "mooned" the group. Thereafter, appellant turned around and exposed his sexual organs while yelling profanities.
Appellant contends that the trial court erred in denying his motion for judgment of acquittal because the state failed to prove he exposed his sex organs with lascivious intent. He argues that while his acts were immature, offensive, and juvenile, they were not done with a wicked, lustful, unchaste, licentious, or sensual intent.
In Taylor v. State, 583 So.2d 323 (Fla.1991), the supreme court discussed the standard for a motion for judgment of acquittal. The court stated:
If there is room for a difference of opinion between reasonable people as to the proof or facts from which an ultimate fact is to be established, or where there is room for such differences on the inferences drawn from conceded facts, the court should submit the case to the [trier of fact].
Id. at 328. Moreover, the determination of whether appellant's "act was in fact lewd and lascivious" is a question of fact and is based upon the circumstances of each individual case. Chesebrough v. State, 255 So.2d 675, 679 (Fla.1971). Therefore, appellant's conviction should stand if it is supported by competent substantial evidence. Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976).
In Egal v. State, 469 So.2d 196 (Fla. 2d DCA 1985), the second district affirmed the defendant's conviction for a lewd and lascivious act in the presence of a child under the age of fourteen because his intent, though not sexual, was lewd and lascivious, i.e., "wicked, licentious, or unchaste." Id. at 198. In Egal, the defendant answered his door naked, exposing his privates to a Girl Scout selling cookies. Id. at 197. He then went inside to fill out the order form, reappeared still naked, and handed her a completed form filled out with fictitious information along with a ten dollar bill. See id. The second district noted that "lewd and lascivious conduct is not limited to acts involving physical contact, threat thereof or manifested desire therefor." Id. at 198. Since "[t]he lewd and lascivious interest of a defendant can be imputed from the circumstances," the court found the exposure "deliberate" and to be "lewd or lascivious" *1113 because it was an offensive act, offensive to one or more persons present at the time. Id. at 198-99. Here, the record shows that appellant intended to expose himself in an offensive, vulgar manner to Mr. Skodmin and the neighborhood children while on a public street, as evidenced by his actions and words before and during the display. Therefore, competent substantial evidence supports appellant's conviction for indecent exposure.
Appellant also argues that because there was no sexual/lascivious intent behind his acts, they cannot be punished under the statute. He argues that because the Florida Supreme Court stated in the jury instructions that the elements vulgar, indecent, lewd, and lascivious mean the same thing, his acts must be both vulgar and lascivious, not vulgar or lascivious. This interpretation, however, is contrary to the plain meaning of the statute and the standard jury instructions.
Section 800.03 makes it unlawful to expose one's sexual organs in public "in a vulgar or indecent manner." § 800.03, Fla. Stat. (1997) (emphasis added). Florida's standard jury instructions require that the state prove that the defendant intended the exposure of his sexual organs "to be in a vulgar, indecent, lewd, or lascivious manner." See Standard Jury Instructions in Criminal Cases, 697 So.2d 84, 91 (Fla. 1997) (emphasis added). While the supreme court did state the words "vulgar," "indecent," "lewd," and "lascivious" mean the same thing, the court clarified, "They mean an unlawful indulgence in lust or a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing the act." Id. (emphasis added). Thus, as the trial court concluded, appellant's intent can be either wicked, lustful, unchaste, or licentious. Accord Egal, 469 So.2d at 198 (noting that "lewd and lascivious conduct is not limited to acts involving physical contact, threat thereof or manifested desire therefor").
Appellant further contends that the trial court erred in denying his motion for new trial based upon newly discovered evidence that Mr. Skodmin lied when he testified that appellant exposed his sexual organs. He cites Jones v. State, 709 So.2d 512 (Fla.1998), in support of this argument. At appellant's motion for rehearing, appellant submitted an affidavit from a witness, Mr. Pratt, that implied Mr. Skodmin lied about the exposure in order to "fix him." In response, the state argued that assuming the affidavit was true, a new trial was not warranted when two other witnesses testified that appellant exposed his sexual organs in public.
Before a new trial can be granted based upon newly discovered evidence, the "evidence must be of such nature that it would probably produce an acquittal on retrial." Id. at 521. Appellant's conviction was based upon Mr. Skodmin's and two other witnesses' testimony that appellant exposed his sexual organs in public. Mr. Pratt's testimony, as shown in his affidavit, may have impeached Mr. Skodmin's prior testimony. However, we cannot conclude that the newly discovered evidence would have probably produced an acquittal on retrial when considered in conjunction with the other two witnesses' testimony.
Accordingly, we affirm appellant's conviction and sentence for exposing his sexual organs in violation of section 800.03, Florida Statutes (1997).
AFFIRMED.
WARNER, C.J., and GUNTHER, J., concur.