875 So.2d 810 (2004)
M.L.C., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1483.
District Court of Appeal of Florida, Second District.
July 2, 2004.
*811 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
M.L.C. was not quite thirteen years old when he allegedly committed several acts of lewd or lascivious molestation on two of his middle-school classmates. He contends that the trial court erred when it failed to grant his motion to dismiss the juvenile delinquency petition on the ground that the evidence did not demonstrate that he acted with lewd or lascivious intent. We agree in part and reverse the order placing M.L.C. on juvenile probation for two offenses but affirm as to two others.
Two girls, twelve and thirteen years old at the time of these incidents, testified that on separate occasions M.L.C. touched them on their clothed buttocks or breasts. M.F. described waiting for the school bus with M.L.C. at their middle-school bus ramp one afternoon. M.L.C. had his arm around her; then he moved his arm down and touched her buttocks over her clothing. V.D. testified that as she waited on the bus ramp with a group of friends, M.L.C. walked up behind her and slid his hand across her buttocks, in a quick second. This was the extent of the evidence undergirding counts one and four of the petition.
Lewd or lascivious molestation, as provided in section 800.04(5)(a),(c)(1), Florida Statutes (2002), proscribes the offender's intentional touch of the victim's buttocks or the clothing covering them "in a lewd or lascivious manner." Here, however, there is no evidence of lewd or lascivious intent in M.L.C.'s split-second contact with the girls' buttocks. Lewd and lascivious are terms undefined by the statutes but explored extensively in case law, and this court, in Egal v. State, 469 So.2d 196 (Fla. 2d DCA 1985), examined various judicial attempts to ascertain their meaning. *812 As stated in Chesebrough v. State, 255 So.2d 675, 678 (Fla.1971), lewd and lascivious generally refer to "unlawful indulgence in lust, eager for sexual indulgence"; and in Boles v. State, 158 Fla. 220, 27 So.2d 293, 294 (1946), the supreme court noted that "`[l]ewd,' `lascivious,' and `indecent' are synonyms and connote wicked, lustful, unchaste, licentious, or sensual design" by an alleged offender. Egal, 469 So.2d at 197.
In this case, neither M.F. or V.D. related any facts from which the court could infer that M.L.C. acted lewdly or lasciviously when he touched their buttocks. Each contact was brief, unaccompanied by suggestive remarks or body language. As this court observed in Egal, a lewd or lascivious purpose "imports more than a negligent disregard of the decent proprieties and consideration due to others." 469 So.2d at 197 (quoting McKinley v. State, 33 Okla.Crim. 434, 244 P. 208, 208 (1926) and citing Chesebrough, 255 So.2d at 675). The evidence is simply insufficient for a finding that M.L.C.'s conduct was grossly indecent, lustful, licentious, or unchaste. We therefore hold, as a matter of law, that the State did not prove that M.L.C. committed the delinquent acts as alleged in counts one and four of the petition. See Williamson v. State, 839 So.2d 921, 923-24 (Fla. 2d DCA 2003) (reversing a conviction for lewd and lascivious act "[b]ecause there was no evidence from which the requisite intent could be inferred"); Durant v. State, 647 So.2d 163, 164 (Fla. 2d DCA 1994) (reversing the defendant's conviction for a lewd or lascivious act when the circumstances did not demonstrate a "wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator" (quoting Egal, 469 So.2d at 197)); Payne v. State, 463 So.2d 271, 272 (Fla. 2d DCA 1984) (holding, as a matter of law, that the defendant's conduct was not lewd, lascivious, vulgar, or indecent). The evidence was sufficient, however, for the court to conclude that M.L.C. committed the lesser-included offense of misdemeanor battery in both instances.
As to the delinquent acts alleged in counts two and five, the evidence at trial supported the juvenile court's findings that M.L.C. committed battery for touching M.F.'s breast and lewd molestation for touching V.D.'s breast, and we affirm as to those counts. However, we note that the juvenile probation order lists the degree of the crime in count five as a second-degree felony, but the offense alleged in the juvenile petition and proven at trial is a third-degree felony.
Affirmed in part, reversed in part, and remanded with directions to amend the juvenile probation order to reflect that the acts committed in counts one and four are misdemeanor batteries and that the charge in count five is a third-degree felony.
STRINGER and SILBERMAN, JJ., Concur.